## In re CONNOLLY.

(District Court, E. D. Pennsylvania. March 29, 1900.)

### No. 299.

1. BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEES.

Under Bankr. Act 1898, § 23b, providing that suits by a trustee in bankruptcy shall be brought or prosecuted only in those courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, "unless by consent of the proposed defendant," a person against whom the trustee files a petition in the court of bankruptcy for an order requiring him to surrender property alleged to belong to the bankrupt, and who answers on the merits, gives a bond for delivery of the property, and proceeds to a hearing before the referee without objection, must be taken to have "consented" to the proceedings, so that he cannot raise the question of jurisdiction for the first time, on exceptions to a decision of the referee adverse to him.

2. SAME—RECOVERY OF PROPERTY IN POSSESSION OF THIRD PERSON.

Where property alleged to belong to the estate of a bankrupt is in the possession of a third person, who claims title thereto under a bill of sale from the bankrupt, which is void as against the trustee because intended to give a preference to the claimant and other creditors, of which intention the claimant was cognizant, and by which he attempted to profit, he may be required, by order of the court of bankruptcy on petition of the trustee, to deliver the property or its proceeds to the latter.

In Bankruptcy. On exceptions to decision of referee in bankruptcy on petition of trustee for an order requiring the respondent to deliver to him property alleged to belong to the estate in bankruptcy.

The following is the opinion of the referee (EDWARD F. HOFFMAN):

The only exception pressed in argument was the first exception "to the jurisdiction of the court." A question of grave importance is raised. It is only necessary to state the circumstances of the case in hand to demonstrate the extreme limitation of the powers of the court if the exception should be sustained. The bankrupt, Connolly, by bill of sale executed within four months of the adjudication, transferred to the respondent, Jones, a one-half interest in the stock of a livery stable of which he was proprietor. The proceeding in this case was by petition on behalf of the receiver, subsequently appointed trustee, to recover from Jones the property of the bankrupt alleged to have been fraudulently transferred. An answer was filed by the respondent, who appeared by counsel, took a large amount of testimony, made arguments before the referee, and also, pending these proceedings, applied to the district court of the United States and obtained an injunction against certain proceedings in the state court on the ground that this proceeding was pending. After an adverse decision by the referee, for the first time the question of the jurisdiction of the court is raised. If the exception to the jurisdiction must be sustained, the district court of the United States would be deprived of all power over the estates of bankrupts not in the possession of the bankrupt himself, and any person holding possession of the property of the bankrupt, however obtained, and in defiance of the provisions of the bankrupt law as to preferences, could retain possession, subject only to such redress as the trustee might be able to obtain from the state courts, who would have to deal with the

subject-matter of such suits without having the proceeding in bankruptcy from which the contention arose before them. The district court of the United States would be in the position of the old federal congress, who were aptly said "to be empowered to declare everything, but to do nothing." It could appoint receivers and trustees, but could not sustain an action on their behalf to recover the property of the bankrupt; and a creditor receiving payment in full of his debt from the bankrupt at any stage of the proceeding could only be forced to disburse to the trustee for the benefit of all the creditors by a suit instituted in the state courts.

All the provisions of the bankruptcy act that have any bearing on the question of jurisdiction over the estate are as follows: Sections 2, 5, 23–25, 60, and 67, cl. "f."

Decisions as to the jurisdiction of the district court, as conferred by these above-cited sections, have been rendered by the United States circuit and district judges in very many of the judiciary districts. Decisions of the United States courts in Pennsylvania, New York, Vermont, Alabama, Indiana, Utah, and Oregon have been brought to the attention of and considered by the referee; also the deductions of the leading text writers.

The following is a review of the cases submitted to the referee:

In re Gutwillig (D. C.) 90 Fed. 481. The facts of this case were as follows: Henry Gutwillig made an assignment for the benefit of creditors on November 9, 1898. On the same day the sheriff, by virtue of a writ of replevin from the state court, took from the assignee's possession certain goods, which were held by the sheriff under the writ of replevin. On November 11th a restraining order was issued by the United States district court to the assignee and sheriff forbidding them from disposing of any part of the property. Motion was made on behalf of the plaintiff in replevin to have the order restraining the sheriff dissolved. It was urged on behalf of this motion that section 23, cl. "b," of the bankruptcy act requires proceedings to be brought by the trustee in the state court. In passing upon this contention Brown, J., says: "Section 23, cl. 'b,' is expressly limited to suits which the bankrupt himself might have brought if proceedings in bankruptcy had not been instituted. The bankrupt, in consequence of his voluntary assignment, could not have brought any suits against the sheriff for this trespass, nor could he bring any suit to declare the assignment void as to creditors, or as respects the bankrupt law; nor any suit to prevent the appropriation of the value of the other materials and labor admixed, possibly, with the vendor's flannel, from being appropriated for Codey's benefit, to the prejudice of other creditors, such as might be maintained in the court of bankruptcy as in a court of equity. It is in that court, under section 2, that such controversies should be determined."

In Re Sievers (D. C.) 91 Fed. 367, the question of jurisdiction is considered by the district court of the Eastern district of Missouri. The question arose on a petition of a trustee in bankruptcy to obtain possession of property in the possession of an assignee by deed of assignment prior to proceedings in bankruptcy. The petition was resisted on the ground that the trustee was remitted to the state courts by reason of the restrictions contained in the provisions of the bankruptcy act. After discussing the various sections of the act on the question of jurisdiction, Adams, J., after deciding that jurisdiction is granted by the earlier sections of the act, in passing upon the sections restricting the jurisdiction says: "The trustee in bankruptcy is an officer holding title under the law of the United States, and section 23 should be construed to mean so much of the acts of March 3, 1887, and August 13, 1888, as confers jurisdiction upon the circuit courts of the United States of a suit in favor of an officer holding title under a law of the United States, is not operative with respect to the officer known as a trustee under the bankruptcy act. * * * Subdivision 'b' reinforces the provision of subdivision 'a,' but both subdivisions, when read together, relate to the same subject-matter; that is, the United States circuit court and that alone."

This case is affirmed in the case of Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325, in which case, in discussing the right of a trustee to recover from the assignee under the state law, Thayer, J., says: "I feel confident that congress did not intend by the recent bankrupt act to commit the administration of any insolvent estate to an assignee chosen by the bankrupt, who should be free

from the control of the bankruptcy court having jurisdiction over the person of the bankrupt, or to deprive the bankrupt's creditors in any case of the rights and remedies that have been carefully provided by congress to secure a faithful, economical, and uniform management of the bankrupt's estate. It follows, therefore, that construction of the act which would lead to the aforesaid results should be rejected." The decision of Judge Brown in Re Gutwillig (D. C.) 90 Fed. 475, is also cited and approved of.

In re Brooks, 91 Fed. 509 (Dist. Ct. Vt.). The proceeding was on behalf of the trustee to obtain return of the property of the bankrupt from the purchasers at a constable's sale under chattel mortgages, said sale being before the appointment of a trustee in bankruptcy, but with notice of proceedings in bankruptcy, on the objection that the court had no jurisdiction, that the proceedings should be brought in the state court. The court, Wheeler, J., held that the proceedings not being such as the bankrupt could have brought if there had been no bankruptcy proceedings in part, "mere rights of action might accrue to the trustee to which that provision might apply, but the assets of the bankrupt were brought by the proceeding within the reach of the orders and control of the court, and no one has any right to move or meddle with them except for their preservation, without leave of the court, except the trustee."

Carter v. Hobbs (D. C.) 92 Fed. 595. This was a petition to set aside a transfer of real estate with personal property on the ground that it was a preference to a creditor within four months of the passing of the bankruptcy act. The petition was demurred to on the ground of the absence of jurisdiction of the court. This demurrer is overruled, and jurisdiction of the court sustained, on the ground that section 23, cl. "b," only refers to such action as might have been brought by the bankrupt, and not rights of action which never existed before the passage of the bankruptcy act.

In the district court for the Western district of Michigan, in the case of J. L. Newberry, bankrupt (27 Nat. Bankr. N. 56), application was made on behalf of the trustee for leave to file a petition for the purpose of his recovering certain real estate claimed to be transferred to the wife of the bankrupt in fraud of the creditors. It was objected that the district court was without jurisdiction. In passing upon the application, the judge (Severens, J.) sustained the jurisdiction of the court on the ground that the jurisdiction is vested in United States district court by section 2 of the act, and the provisions of sections 23a and 23b apply solely to the circuit court.

In Mitchell v. McClure, 91 Fed. 621, in the district court for the Western district of Pennsylvania, an action of replevin was brought by the receiver appointed by the district court to recover possession of the property of the bankrupt. The defendants moved to abate the writ on the ground of lack of jurisdiction of the district court. It did not appear in the case that the action was founded upon any violation of the provision of the bankruptcy act, and it does not appear whether the transfer had been made within a period of four months before the bankruptcy or to a preferred creditor. In passing upon the question, the court (Buffington, J.) reviews the provisions of the bankruptcy act, and also the provisions of the act of 1867, and holds that, as the jurisdiction to bring suits upon the act of 1867 was conferred by a special grant of power not contained in the bankruptcy act of 1898, and that, as decisions under the former act construed the power to entertain suits for the recovery of the property of the bankrupt was granted to the district court by these special provisions which are not contained in the act of 1898, that, therefore, the right to bring a plenary action for the recovery of the assets of the bankrupt is not conferred. The section conferring power on a district court to "cause the assets of the bankrupt to be collected" is not stronger than the like clause in the act of 1867, from which clause it did not derive power to entertain suits, but was dependent for this power on the subsequent section alluded to, not contained in the act of 1898, and that the argument that the bankrupt himself could not have brought the action, because he had no standing to question the defendant's title, was of no avail.

In the case of Burnett v. Mercantile Co. (D. C.) 91 Fed. 365, Bellinger, J., sustained a demurrer to a proceeding instituted by a trustee to set aside conveyances made to defraud the bankrupt on the ground that jurisdiction is not conferred by the act on the district court. It does not appear in this case that

a violation of any section of the bankruptcy act is involved. The opinion is very brief.

In re Abraham, 35 C. C. A. 592, 93 Fed. 767,—appeal from the district court of the United States, Middle district of Alabama, to the circuit court. The facts in this case were, briefly, as follows: A few weeks prior to the proceeding in bankruptcy the bankrupt made an assignment for the benefit of his creditors under the state law. After the proceedings in bankruptcy had been commenced, the assignee proceeded to make sale of the personal property of the bankrupt. A petition was filed on behalf of the creditors, alleging that these sales, made after the proceeding in bankruptcy had commenced, were a fraud upon their rights, and for inadequate prices, and prayed the court for an order authorizing the marshal to take possession of the property sold by the assignee. An order such as prayed for was granted by the district court. An appeal was taken to the circuit court, and the question of the jurisdiction of the district court to recover possession of the property of the bankrupt was discussed. The opinion of the court by McCormick, J., is very sweeping in its limitations of the powers of the court, holding, after a review of all the provisions of the act, that no action or proceeding can be brought upon behalf of a trustee in bankruptcy that was not such a proceeding as could have been brought by the bankrupt, and "that all controversies of law and equity, as distinguished from proceedings in bankruptcy, between trustees of such and adverse claimants concerning the property acquired or claimed by the trustees, which cannot be or are not adjudicated by negotiation, arbitration, or compromise, must be abandoned by the trustees, or adjudicated in the state courts, unless, by consent of the proposed defendant, suit can be brought in a United States court."

In Re Hicks v. Knost, 94 Fed. 627, in the district court for the Southern district of Ohio, the proceeding was a suit in equity by a trustee in bankruptcy to compel the defendant to account for certain moneys claimed to have been paid to her, as a creditor of the bankrupt, by way of a preference. The proceeding was resisted by the defendant on the ground that the court was without jurisdiction. In passing upon the question, the court (Thompson, J.) holds that the district court is without jurisdiction to entertain any suit for the recovery of property of the bankrupt.

The foregoing is a review of all the cases submitted to the referee on behalf of the petitioner and respondent. His own search has not brought to light any further authorities.

The leading text writers appear to support the jurisdiction of the court as to all controversies arising under the provisions of the bankruptcy act. After reviewing the decisions, the following is the conclusion as to the law expressed in Lowell, Bankr. 412: "It seems to be the intent of the act to clothe the district court with power to settle all controversies depending on bankruptcy proceedings, but to preserve to the state courts the jurisdiction which they would have had if proceedings had not been taken. The trustee will still have to resort to these courts to collect all debts owing to the bankrupt, and will have to sue there on any rights of action which the bankrupt may have had." The construction above advocated is in accordance with the principle of the statutory construction that an exception should not be so construed as to destroy a power granted before. There can be no doubt that, after an act of bankruptcy has been committed, and a petition filed, the district court has power over the bankrupt and the creditors who claim part of the estate. If the construction of section 23b be adopted, "that the trustee would have to bring all suits in the state courts," this would bring about the anomalous condition of the district court dealing with the bankrupt and his creditors, and the state court dealing with his estate. Such a result would defeat the operation of the bankruptcy act. An interpretation of the statute which will defeat its operation is certainly not a reasonable one.

Collier arrived at the conclusion that section 23b is to be construed, not as a jurisdictional clause, but simply as a mandate to trustees. He says (Coll. Bankr. page 11): "We believe the effect of section 23 is, not to restrict or deprive courts of bankruptcy having jurisdiction over such matters, but to prohibit the trustee from bringing his action, without the defendant's consent, in any other court than in such court as the bankrupt himself might have

brought it. The object of the provision, as stated by the framers of the bill, was to save the defendant from the annoyance and expense of the litigation in the court which, on account of the large territorial jurisdiction, in most cases hold their terms at a greater distance than the state courts."

Of the authorities reviewed only those are directly in point as to the case in hand in which the right of action arises solely under a provision of the bankruptcy act. This is not the case in Mitchell v. McClure, decided by Judge Buffington. If it were, the referee would feel bound by that decision. The referee cannot find any jurisdiction to sustain a plenary action of law brought by a trustee which could have been brought by the bankrupt prior to the passage of the bankruptcy act. But where the right of action exists only by virtue of a provision of the bankruptcy act, and did not exist before the passage of the act, and involves the construction of a federal law, the presumption is in favor of the jurisdiction of the federal court, and a restrictive clause must be in the most express language to exclude it. The constitution of the United States (article 1, § 2) provides that judicial power should extend "to all cases at law and in equity arising under this constitution, the laws of the United States," etc. The intention of this provision undoubtedly is to provide for a uniform interpretation of the laws of the United States. This would be entirely defeated by allowing state courts to decide controversies arising under such laws, as no state court is bound to follow the decision of the court of another state; and there might be a different interpretation in every state in the Union.

If clause "b" should be regarded as a jurisdictional clause, trustees could only bring suits such as the bankrupt might have brought if the proceedings had not been instituted, and a literal construction would prevent the bringing of any suits arising under provision of the act as to transfers to creditors, as such rights of action only arise after the commencement of bankrupt proceedings. This certainly could not be the intention of congress; and it is further to be observed that the preceding clause as to the jurisdiction of the circuit courts is framed in express language. It is to be assumed that if section "b" had been directed to the jurisdiction of the district court, it would have been equally direct.

The referee is of the opinion that clause "b" is a mandatory provision, and requires that all suits that could have been brought by the bankrupt if proceedings in bankruptcy had not been instituted must be brought by the trustees in the same court as the bankrupt might have brought them; but that it does not apply to rights of action that only arise from the proceedings in bankruptcy, and under the provisions of the act.

The decision of the judge of the circuit court for the Western district of Pennsylvania is based on the ground that jurisdiction to entertain a plenary suit was not conferred by section 2, cl. 7, under the words, "Cause the estates of bankrupts to be collected." The collection of property of the bankrupt by an action of replevin is undoubtedly a proceeding that the bankrupt might have brought if proceedings in bankruptcy had not been instituted. The decision of the court in that case is further fortified by the fact that the act of 1898 does not contain any provision for an appeal from the judge in such cases (see section 25 of the act), but there is a further provision in section 7 that was not properly before the learned court in the case of Mitchell v. McClure, which the referee finds covers the case at hand, and also all cases arising under sections 60 and 67 of the bankruptcy act and the subdivisions of said sections, rendering certain transfers voidable by the trustee. The clause alluded to follows the words quoted in the opinion of Mitchell v. McClure, the whole section reading as follows: "(7) Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided." This is fortified by the provision of the act for an appeal of controversies. Section 24 provides: "The supreme court of the United States, the circuit court of appeals of the United States and the supreme courts of the territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction, in other cases."

It appears to the referee that contentions as to rights of the trustee or receiver to take possession of property of the bankrupt are the controversies alluded to in the section providing for an appeal, and that, where they involve the construction of a federal law, they are properly determinable by the federal court; but, where the right of action is independent of the bankruptcy proceeding, the petitioner or plaintiff would be remitted to the state court, as being a more convenient tribunal.

The word "controversy" is defined to be "a dispute between two or more persons." Bouv. Law Dict. In the case of Chisholm v. Georgia, 2 Dall. 419, 1 L. Ed. 440, the supreme court was called upon to determine the meaning of the word "controversy" as used in the constitution of the United States. They decided that it embraces suits. It is also significant that the bankruptcy acts of 1841 and 1867 do not, in their sections defining the jurisdiction of the district courts in relation to the collection of assets, give them authority to decide controversies, though they contain clauses amplifying the jurisdiction of the United States court in bankruptcy, as shown in the opinion of the learned judge of the Western district of Pennsylvania. This confirms the opinion of the referee that the controversy clause in the act of 1898, and the provision of section 24 for an appeal of controversies, must have been incorporated in the act for the purpose of giving jurisdiction over the class of cases referred to by the referee.

The referee, for the reasons stated, is of the opinion that the court has jurisdiction to entertain the suit of the trustee, and that the jurisdiction of the court is limited, as to the recovery of property of the bankrupt, to controversies involving a construction of a federal law.

The referee does not feel bound by the adverse decisions in Re Abraham, 35 C. C. A. 592, 93 Fed. 767, and Hicks v. Knost (D. C.) 94 Fed. 627, in which the transfers involved were in violation of the provisions of the bankruptcy act, and which, if correct in their conclusions, cover the case in hand. The grounds on which the referee finds the jurisdiction of the court is conferred was not discussed in these cases, and they are opposed by the cases In re Gutwillig (D. C.) 90 Fed. 481, In re Sievers (D. C.) 91 Fed. 367, and Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325, previously reviewed.

There are, however, other objections made to the jurisdiction of the court referring to special features of the case in hand. First. It was objected that there was an admitted partnership between the bankrupt and the respondent in the petition, and that the bankruptcy act (section 5, cl. "h") forbade the administration of the estate of the partner not adjudicated a bankrupt, unless with his consent. The referee does not find as a fact that respondent was admitted by the bankrupt to be a partner. The contention was that it was a fraudulent claim of partnership, made by a creditor within four months of the commencement of the proceedings in bankruptcy, for the purpose of defeating creditors. This objection does not properly apply to the jurisdiction of the court. Another objection made was that the proceeding deprived the respondent of his property by summary process. The referee cannot find that a proceeding by petition and answer is a summary process. A petition duly answered, and followed by proof, has the full force and effect of a bill in equity. In the case of Milner v. Meek, 95 U. S. 252, 24 L. Ed. 444, the effect of pleadings by petition and answer in a bankrupt suit are discussed. Chief Justice Waite, in giving the opinion of the court, states: "The pleading filed by the assignee was appropriate in form for a petition in the bankrupt suit, but it was equally good in substance as a bill in equity. It contains a complete statement of the cause of action cognizable in equity, and a sufficient prayer for relief. There was no formal prayer for a subpœna, but process was issued and served. All the parties interested appeared, and presented their respective claims by answers, or answers and cross petitions, with appropriate prayers for relief."

In Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50, the petition was in all its essential features like the one in the case above,—Milner v. Meek. It was filed by an assignee in bankruptcy against lien creditors entitled as of the bankrupt suit, and addressed to the district judge. Like that in the case above, it contained no formal prayer for a subpœna, but there was a prayer for relief. "The petition contained every requisite of a good bill in equity, whether the

pleadings be tested by the statement of the cause of action, or of the charging part of the bill, or by the prayer for relief." Opinion by Clifford, J.

A proceeding is summary where an order is made on the petition alone, as was the case in Re Abraham, 35 C. C. A. 592, 93 Fed. 767, previously cited; but where an answer to a petition is filed, and proof taken, respondent is not deprived of any right that he would have had if more formal proceedings by bill of equity had been instituted.

The referee has now covered the contentions raised before him on behalf of the respondent under the first exception. It was strongly contended on behalf of the petitioner that, apart from any question of original jurisdiction, the defendant had assented to the jurisdiction by his conduct in answering the petition, taking proof, and, pending the proceeding, applying by petition in this court for an injunction to stay proceedings taken on behalf of one of the creditors in the state court. On this contention the referee finds that, where the court has a right to assume jurisdiction by admission, the conduct of the respondent would have estopped him from declining the jurisdiction of the court; but, if the court is without jurisdiction, advantage can be taken of want of jurisdiction at any stage of the proceeding. As the referee has found in favor of the jurisdiction of the court, it is not necessary to give this question further mention.

Simpson & Brown and Ira J. Williams, for trustee.
William A. Carr and M. Hampton Todd, for respondent.

McPHERSON, District Judge. Upon the facts of the present case it would be superfluous to examine and decide the vexed question concerning the true meaning of clause "b" of section 23. Whether or not the trustee could have sustained this petition if a prompt objection to the jurisdiction had been made, it is clear that the conduct of the respondent (who is "the proposed defendant" of clause "b") since the petition was filed can only be explained as giving "consent," that the dispute should be determined by the court in bankruptcy. He filed an answer on the merits, gave a bond conditioned to surrender the property if the controversy should be adjudged against him, applied for and obtained from the district court an order restraining the sheriff of Philadelphia county from proceeding with the process of a state court against the bankrupt's property, asked for and obtained a further order from the district court directing the sheriff to hand over to him the goods under levy, and thereupon gave an additional bond in this court conditioned again for the delivery of the property if he should fail to establish his claim. Moreover, he went on with the hearings before the referee without objection to the jurisdiction, and raised the point for the first time upon exceptions to an adverse report. Such conduct is certainly "consent"; and, while it is usually true that consent cannot give jurisdiction, this is not universally true. The rule has no application when a statute clearly implies, as does section 23, that the jurisdiction of a certain class of controversies may be given by consent, for, in such event, to apply the rule would be to make the statute of no effect.

The voluminous testimony contains numerous contradictions, not only between witnesses, but also between different statements of the same witness. It is impossible to reconcile these contradictions, and it would be profitless to discuss them. I shall content myself with stating my conclusions briefly:

Against the trustee, no partnership existed between the respondent, Jones, and Connolly at the time the petition in bankruptcy was filed. Even if such an agreement could have been made concerning goods under levy by the sheriff, Jones had no property to put into the enterprise; for the transactions in July, resulting in bills of sale to Jones, were intended to prefer certain creditors of Connolly, including Jones himself. As Jones took part in these transactions, knowing the intention to prefer, and attempting to profit thereby, the bill of sale of July 24, 1899, was void, and (against the trustee) conveyed no title to the property.

The exceptions to the report of the referee are accordingly dismissed, and it is now decreed that the bill of sale of July 24, 1899, is null and void, and that the fund in court, being the proceeds of the property claimed alike by the trustee and by the respondent, be paid to the trustee as an asset of the bankrupt's estate; the costs of this reference to be paid by the respondent.