# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS

---

FOERSTNER v. CITIZENS' SAVINGS & TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. April 25, 1911.)

No. 2,078.

1. BANKRUPTCY (§ 184*)—UNFILED CHATTEL MORTGAGE OR CONDITIONAL SALE —TITLE.

Rev. St. Ohio, § 4150, provides that a chattel mortgage, not accompanied by immediate delivery and followed by actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, unless the mortgage or a true copy thereof be forthwith deposited for filing. *Held*, that under such section, as construed by the Supreme Court of Ohio, as between the chattel mortgagee and mortgagor of an unfiled mortgage and the vendor and vendee of an unfiled conditional sale contract, the mortgagee and vendor respectively hold the legal title, which is good as against all creditors who have not, before bankruptcy proceedings intervened, acquired a lien by legal proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 184*)—MORTGAGES—EXECUTION—INVALIDITY—STATE STATUTES—CONSTRUCTION.

Rev. St. Ohio, § 4106, declares that a mortgage of any estate or interest in real property shall be signed by the mortgagor and acknowledged in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Section 4133 provides that all mortgages so executed shall be recorded, and shall take effect from delivery to the recorder of the proper county. *Held*, that where a real estate mortgage executed by the bankrupt, though filed for record, was not witnessed, it created no lien on the bankrupt's title, but only conferred on the mortgagee an equity to maintain a suit for reformation, on the theory that it amounted to a contract to give a lien, and, no such suit having been instituted before bankruptcy, the property passed to the bankrupt's trustee, under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), providing that the trustee shall be vested with the bankrupt's title to all property which might have been levied upon and sold under judicial process against him, freed from any claim or lien of the mortgagee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

---

Appeal from, and Petition to Review, an Order of the District Court of the United States for the Northern District of Ohio, in Bankruptcy.

Petition by the Citizens' Savings & Trust Company for satisfaction of its alleged mortgage on certain property belonging to the Colonial Paint Company, a bankrupt, sold by the bankrupt's receiver, to which claim C. C. Foerstner, trustee in bankruptcy, filed objections. From an order allowing the claim, the trustee appealed, and filed petition for review. Reversed.

A. A. & A. H. Bemis, Thompson & Hine, and Walter De Camp, for appellant.

Hills & Van Derveer, for appellee.

Before SEVERENS and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

SEVERENS, Circuit Judge. This case is brought here by way of an appeal and a petition for review. It is founded upon a proceeding in the bankruptcy court in the matter of the Colonial Paint Company, a bankrupt. The question involved relates to the validity of an unrecorded real estate mortgage under the laws of Ohio. On April 24, 1904, the Colonial Paint Company executed a mortgage to the Dime Savings & Banking Company of certain real estate then and afterwards occupied by the Colonial Paint Company. There were no witnesses to the mortgage, and it was, as is alleged by the trustee of the bankrupt, defective on that account, and did not convey the title, and was not entitled to record. It was, however, delivered to the recorder of Cuyahoga county, where the premises are situated, on the 28th day of June, following. The mortgagee never acquired possession of the property. Some four years after this, the Dime Savings & Banking Company, having become insolvent, made an arrangement for liquidation of its assets with the Citizens' Savings & Trust Company, who is the appellee here, and transferred the above-mentioned mortgage and its other assets to that company. But prior to this assignment, and on May 20, 1908, an involuntary bankruptcy proceeding was commenced against the Colonial Paint Company by its creditors, and upon the consent of the company a receiver was appointed on the day of filing the petition, who immediately took possession of the assets of the company, including this mortgaged real estate. In June following the receiver filed an application in the bankruptcy court for an order to sell the real estate at private sale, and such an order was made and entered on June 29, 1908. The receiver sold the property and reported the sale to the court. Whereupon the Citizens' Savings & Trust Company filed its petition, claiming a lien upon the real estate and the proceeds of the sale thereof, and claiming that it should be first satisfied in the disbursement of the proceeds. It was decreed that the petitioner was entitled to the lien claimed, and it was ordered that it have priority in the proceeds of the real estate to the extent of $15,097.50, and the sale made by the receiver was confirmed. A few days after the entry of this decree and order, the Colonial Paint Company was adjudged

bankrupt. A trustee was elected and qualified, and was ordered to execute a proper deed to the purchaser under the sale, and to pay to the Citizens' Savings & Trust Company the amount which had theretofore been found due to it.

[1] The fundamental question here presented is whether a mortgage not witnessed creates a valid lien upon real estate under the laws of Ohio. From the record we gather that the allowance of the lien was made upon the view that the question at issue was foreclosed by the decision of the Supreme Court in the case of York Mfg. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and if that decision is applicable the action of the court was unquestionably right. A number of decisions of the Supreme Court of Ohio are cited by the appellant which might tend to show that the Supreme Court mistook the law of the state in that case; but we think that neither the court below, nor this court, is at liberty to entertain that question, and we think that decision settled the law to be that, under its statutes concerning the validity and effect of unfiled chattel mortgages and unfiled conditional sales of personal property, such unfiled instruments as between the owner of the property or the vendee by the conditional sale, and the mortgagee or vendor in the conditional sale, holds the legal title, and that such title is good as against all creditors who have not, before bankruptcy proceedings intervened, acquired a lien by legal proceedings.

[2] But this is a case of a real estate mortgage, while the case of York Mfg. Co. v. Cassell involved the validity of liens upon personal property, and there is an important difference in the provisions of the statutes relating to mortgages of real estate and those relating to mortgages of personal property. Under those statutes a chattel mortgage conveys the title to the mortgagee. In the case of a conditional sale, the vendor has also the legal title. When the bankruptcy of the mortgagor, or of the vendee of the conditional sale, takes place, the trustee takes the property subject to the mortgage, or, if there has been a conditional sale, subject to the right of the vendor to reclaim it, if the condition be unperformed. This was the situation which existed in the case of York Mfg. Co. v. Cassell. This confessedly would be the situation in such cases, when not affected by the provisions of the bankrupt act. But the further question arose concerning the status of general creditors of the mortgagor; that is to say, those who, though they had a right to acquire a lien, had not in fact obtained any before the property came into the hands of the trustee in bankruptcy. And the court employed the oft-repeated language that the trustee stands in the shoes of the bankrupt, and acquired the property in the same plight that the bankrupt held it at the time of bankruptcy. The court did not in terms refer to those provisions of the bankruptcy act which create other rights and duties than those which had belonged to the bankrupt. It must be presumed, nevertheless, that the court did not overlook those provisions; for we find that in a subsequent case (Security Warehousing Co. v. Hand, 206 U. S. 424, 425, 27 Sup. Ct. 720, 51 L. Ed. 1117), Mr. Justice Peckham, who wrote the opinion in the York Mfg. Co. Case, goes into an explanation, which

imports' that the court had not in the former case failed to regard those exceptions to the general rule just mentioned.

For the purpose of comparison we quote here section 4150 of the Statutes of Ohio relating to the filing of chattel mortgages. It reads as follows:

"A mortgage, or conveyance, intended to operate as a mortgage of goods and chattels, which is not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, be forthwith deposited as direction in the next section."

It will be seen upon the reading of this section that it concerns the means for giving notice to creditors, purchasers, and mortgagees of the existence of the mortgage. It has no effect upon the rights of the original parties to it.

On the other hand, it will be convenient here to note the statutes of the same state concerning mortgages of real estate and the recording thereof. Section 4106 of the Revised Statutes provides that:

"A deed, mortgage, or lease of any estate or interest in real property, shall be signed by the grantor, mortgagor, or lessor, and such signing shall be acknowledged by the grantor, mortgagor or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation."

And section 4133 reads as follows:

"All mortgages, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the mortgaged premises are situated, and shall take effect from the time the same are delivered to the recorder of the proper county for record and if two or more mortgages are presented for record on the same day, they shall take effect from the order of presentation, for record, the first presented shall be first recorded and the first recorded shall have preference."

Upon the construction given by the Supreme Court of the state to these provisions, it appears that they are treated as regulations touching the execution of the instrument, and indicate requirements which are necessary to its validity, and not, as in the case of chattel mortgages, regulations which are made for the purpose of giving notice of the existence of valid instruments. It is held by that court that an instrument not executed in the manner and form required by the statute does not pass the legal title and is absolutely void as to all persons, except only the mortgagee. And as to him it does not pass the title and creates no lien. Its only consequence is to put him in a position of one having a promise or agreement to give a mortgage which will create a lien. This is confirmed by the decisions of that court. holding that a person who, having full notice of the existence of such a defective instrument, buys, or takes a lien upon, the real estate covered by it, acquires a valid title, according to the import of his deed. Fosdick v. Barr, 3 Ohio St. 471; Langmede v. Weaver, 65 Ohio St. 35, 60 N. E. 992.

This necessarily imports that it is property which the mortgagor could have transferred. In equity the court recognizes, as we have said, an equitable right to a mortgage, but in order to make this right

effectual the holder of the instrument must institute a suit for a "reformation," as it is termed; that is, for an order or decree directing a completion of the instrument in such a form as to make it valid, which means, providing for its acknowledgment, if it has not been acknowledged, and for its attestation in the presence of two witnesses and for the subscribing their names to the attestation, if these things have been omitted. Straman v. Rechtine, 58 Ohio St. 443, 51 N. E. 44. It follows, from this, that where the property passes into the hands of a trustee in bankruptcy before any proceedings are taken to reform the instrument, the trustee takes it in the plight in which it then stood; that is to say, the title is still in the bankrupt though there is an outstanding equity in the mortgagee of which he has never taken the advantage. So it is held by the Supreme Court that, where the property is assigned for the benefit of creditors, the title which the assignee gets is superior to that of the mortgagee under the defective title, and his title is unaffected by any such outstanding equity, even though he had full notice of the defective mortgage. Betz v. Snyder, 48 Ohio St. 492, 28 N. E. 234, 13 L. R. A. 235.

And in Cheney v. Maumee Cycle Co., 64 Ohio St. 205, 60 N. E. 207, it was held that:

"A mortgage of real property, which has not been delivered to the recorder of the proper county for record before the appointment of a receiver for the property of the mortgagor, is not a valid lien upon the property as against the receiver; and the receiver, for and in the interest of general creditors, is entitled to the proceeds of sale of such mortgaged premises in preference to the mortgagee."

These rules of property in Ohio should guide the federal courts. It would be an incongruous condition that property, which would pass to a receiver in a state court for the benefit of creditors, should not also pass to the receiver or trustee in a bankruptcy court for the benefit of creditors. We have confined our references mainly to the more recent decisions of the Supreme Court of Ohio, for the reason that the earlier cases are reviewed in the later decisions.

In Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, there was a conditional sale of machinery which had been put up in the bankrupt's works. The contract for the conditional sale had not been filed as required by the New York statute. The purchase price had not been paid. Bankruptcy having supervened, the vendor claimed the goods, and for an order giving him possession of the same. The District Court and the Court of Appeals held that he was entitled to the goods and ordered the trustee to surrender them. The trustee thereupon appealed to the Supreme Court. In dealing with the merits, the Chief Justice said:

"This sale was a conditional sale, and the title did not pass to the vendee because the condition was not fulfilled (Ballard v. Burgett, 40 N. Y. 314; Cole v. Mann, 62 N. Y. 1), unless the statutes of New York otherwise provided."

He then refers to the applicable statute, which declared that such conditional sales should, unless filed as required by the act, "be void against subsequent purchasers, pledgees or mortgagees in good faith." It will be noticed that the statute did not declare such unfiled contract void as to creditors. And the Chief Justice goes on to say:

"But if the trustee was not a subsequent purchaser, pledgee, or mortgagee in good faith, the omission to file the contract of sale was immaterial."

Then section 70a (5) is referred to which declares that the trustee shall be vested with the title of the bankrupt to all property "which might have been levied upon and sold under judicial process against him," and points out that the property could not have been sold on process against him, because creditors were not protected by the statute, which only declared the otherwise valid title of the vendor void as to purchasers, pledgees, and mortgagees. The declaration of the Circuit Court of Appeals for the Second Circuit, that if the lien claimed "is one which has been obtained in contravention of some provision of the act which is fraudulent as to creditors, or invalid as to creditors for want of record, it is invalid as to the trustee" is approved. The Chief Justice says that this holding of the court that the fact that creditors were not included in the protection accorded to other persons named by the New York statute prevented the trustee from claiming in their behalf the benefit thereof, and said that this conclusion "is not shaken by a different result in cases arising in states by whose laws conditional sales are void as against creditors." The opinion of the court is summed up as follows:

"In our opinion, these machines were not, prior to the filing of the petition, property which under the law of New York might have been levied upon and sold under judicial process against the bankrupt; nor could she have transferred it within the intent and meaning of section 70a. See Low v. Welch, 139 7 .ss. 33 [29 N. E. 216]. The company's title was good as against the trustee, who could not claim as a subsequent purchaser in good faith."

This discussion of the effect of section 70a (5) and the statement of the conclusions reached show by inevitable implication that such unfiled instruments, in states where they are declared void as against creditors for want of filing, do not prevent creditors from levying judicial process upon the property therein described, and consequently that the property passes to the trustee under the operation of 70a (5) of the bankrupt act. In York Mfg. Co. v. Cassell the bankrupt never had the legal title, and the creditors had done nothing toward subjecting it to their claims. It is upon these grounds that that decision rests. It is not applicable to a case where the bankrupt has held the legal title, and the question is whether he had transferred it by an instrument sufficient for the purpose of transferring title.

Our conclusion must be that the appellee's mortgage should not be enforced against the trustee, and that the order of the court below to the contrary should be reversed.

It is so ordered.