### DETROIT TRUST CO. v. PONTIAC SAVINGS BANK et al.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1912.)

No. 2,211.

1. BANKRUPTCY (§ 292*)—TRUSTEE—PLENARY SUIT—JURISDICTION—DEFENDANT'S CONSENT.

Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), with reference to controversies between the trustee and adverse claimants, provides that such suits shall only be brought or prosecuted in the court where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. *Held*, that where a bankrupt's trustee sued to recover money paid by the bankrupt to a creditor in a federal court where he was entitled to sue only in case the defendant consented, and the defendant appeared generally, answered to the merits, without questioning the court's jurisdiction, and did not challenge the same until by an objection made to further testimony, the defendant's consent to the court's jurisdiction would be presumed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 410, 413, 415, 416; Dec. Dig. § 292.*]

2. BANKRUPTCY (§ 292*)—COURTS—JURISDICTION—PLENARY SUIT—CONSENT.

Where a bankrupt's trustee sues to recover a payment by the bankrupt to a creditor in a court having jurisdiction only by the defendant's consent, such consent need not be given before the suit brought.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 410, 413, 415, 416; Dec. Dig. § 292.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. COURTS (§ 276\*)—FEDERAL COURTS—OBJECTION TO JURISDICTION—WAIVER.**

Where a suit is cognizable in the federal courts, objection to the jurisdiction of the court of the district of suit is waived by defendant's appearance and pleading to the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.\*

Waiver of right as to district in which suit may be brought, see notes to Memphis Savings Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

**4. CHATTEL MORTGAGES (§ 197\*)—VALIDITY—FAILURE TO FILE—EFFECT—"CREDITORS OF MORTGAGOR."**

Comp. Laws Mich. § 9523, as amended by Pub. Acts 1907, No. 332, provides that every chattel mortgage not accompanied by immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against "creditors of the mortgagor," or against subsequent creditors, unless the mortgage or a copy thereof be filed as directed in the statute. Held, that the words "creditors of the mortgagor," as determined by the Michigan Supreme Court, mean subsequent creditors in good faith and without notice of the mortgage, and that the statutory invalidity of an unfiled chattel mortgage extends to all creditors who become such after the giving and before the filing of the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–433; Dec. Dig. § 197.\*

Controlling effect of state decisions in United States courts, see note to Wilson v. Perrin, 11 C. C. A. 88.]

**5. BANKRUPTCY (§ 188\*)—EFFECT OF ADJUDICATION—ATTACHMENT—LIEN.**

Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), does not act as an attachment of the bankrupt's property, nor itself create a lien in favor of creditors who become such after the giving of a chattel mortgage by a bankrupt, but before the filing thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.\*]

**6. CHATTEL MORTGAGES (§ 196\*)—FAILURE TO FILE—LIEN.**

Comp. Laws Mich. § 9523, as amended by Pub. Acts 1907, No. 332, provides that a chattel mortgage not accompanied by an immediate delivery and followed by an actual and continued change of possession shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers of the mortgagees in good faith. Held, that as to creditors who become such between the giving and the filing of a chattel mortgage, in accordance with the decision of the Supreme Court of Michigan, the act itself does not create a lien on the mortgaged property prior to the lien of the mortgage, but merely gives a right to a lien to be fastened by some sort of a proceeding.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 429, 438–441; Dec. Dig. § 196.\*]

**7. BANKRUPTCY (§ 188\*)—LIENS—ASSIGNMENTS FOR CREDITORS.**

The mere fact that a lien is created by statutory assignment in favor of subsequent creditors for failure to record a chattel mortgage does not give a lien under the Bankruptcy Act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.\*]

**8. BANKRUPTCY (§ 188\*)—LIEN—ENFORCEMENT—INTERVENTION OF BANKRUPTCY PROCEEDINGS.**

Where no suit was instituted prior to bankruptcy to fasten a lien on property of a bankrupt covered by a chattel mortgage in favor of creditors who became such after the execution but before the filing of the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mortgage, a bill for such relief could not be maintained after the intervention of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286-289, 291-295; Dec. Dig. § 188.*]

Appeal from the District Court of the United States for the Eastern District of Michigan.

Suit by the Detroit Trust Company, trustees of the estate of Charles Coates, bankrupt, against the Pontiac Savings Bank, impleaded with Charles Coates. Decree for complainant, and defendant appeals. Reversed and remanded.

H. R. Martin and H. Geer (Elmer R. Webster and Geer, Williams, Martin & Butler, on the brief), for appellant.

B. B. Selling, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. On May 19, 1902, Coates, the present bankrupt, gave appellant a mortgage upon his stock in trade, fixtures, etc., to secure a then existing debt. The mortgage was not filed until September 9, 1902. It does not appear that the failure to so file was fraudulent in fact. On January 10, 1903, there was paid to the bank, in satisfaction of the mortgage, from moneys paid on the purchase of the stock and fixtures from Coates, the sum of $2,120.50. Proceedings in involuntary bankruptcy were begun against Coates on February 16, 1903, and he was adjudicated bankrupt on March 6th following. The trustee then brought this suit against the bank for the recovery of the amounts of the claims of creditors who became such between the giving and filing of the mortgage. Complainant's brief asks this recovery for the benefit of creditors generally. See In re Martin (C. C. A.) 193 Fed. 841. Upon final hearing on pleadings and proofs decree was entered for complainant, from which this appeal is taken.

[1] A preliminary question is presented as to the jurisdiction of the court below over the present suit. Section 23b of the Bankruptcy Act, relating to jurisdiction over controversies between the trustee and adverse claimants, provides that such suits "shall only be brought or prosecuted in the court where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. * * *" The bank appeared generally and answered to the merits of the bill without questioning the jurisdiction of the court. After it had taken some testimony under the issues joined, it challenged the jurisdiction for lack of defendant's consent thereto by way of objection made to further testimony. Jurisdiction was not given unless by virtue of the facts stated. The district court overruled the objection. Defendant contends that the statute contemplates a consent previous to the filing of the bill, and that, in any event, consent is not given by mere failure to deny jurisdiction. That the bill in this case could have been maintained only by defend-

ant's consent is settled by Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. In that case the question of jurisdiction was raised by demurrer to the bill.

[2] It was not decided that consent must be given before suit begun, nor was it determined what would amount to consent. In support of the contention that consent was not given by appearance and pleading to the merits reliance is had upon Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413, and kindred cases. In the Comingor Case an attempt was made by summary proceedings to subject an adverse claimant of property to the jurisdiction of the bankruptcy court. The case involved specially the right to summary method of procedure as distinguished from the usual forms of judicial procedure. The case before us is the familiar form of plenary suit, according to the ordinary and regular mode of judicial proceeding. The court had jurisdiction of the subject-matter. The consent required of defendant was only to the particular tribunal. No question of method of procedure was involved. We think the distinction between the two classes of jurisdictional questions was recognized by this court in Sinsheimer v. Simonson, 107 Fed. 898, 906, 47 C. C. A. 51.

[3] Where a suit is cognizable in the federal courts, objection to the jurisdiction of the court of the district of suit is waived by appearance and pleading to the merits. Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; Interior Construction, etc., Co. v. Gibney, 160 U. S. 217, 220, 16 Sup. Ct. 272, 40 L. Ed. 401; Western Loan & Savings Co. v. Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Erie R. R. Co. v. Kennedy (C. C. A. 6) 191 Fed. 332, 334, and cases there cited. In Grand Rapids, Newaygo & Lake Shore Ry. Co. v. Gray, 38 Mich. 461, it was held that by pleading to the merits the defendant subjected himself to the jurisdiction of a court of special and limited jurisdiction, to which he otherwise would not have been subject. We think the analogy of these cases is decisive of the question before us. It has been held by several of the District Courts that appearance and pleading to the merits in plenary suits by a trustee, without objection to jurisdiction, is a consent thereto. In re Connolly (D. C.) 100 Fed. 620, 626; In re Steuer (D. C.) 104 Fed. 976, 977; Ryttenberg v. Schefer (D. C.) 131 Fed. 313, 317; Sheppard v. Lincoln (D. C.) 184 Fed. 182, 183. We think this the correct view, and that the court below rightly overruled the objection to its jurisdiction.

The bill attacks the payment to the bank, first, as an unlawful preference under the bankruptcy act; and, second, as invalid under section 9523, Comp. Laws Mich. 1897, as amended by Act No. 332 of the Public Acts of 1907, which provides that every chattel mortgage "not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith," unless the mortgage or a copy thereof be filed as directed in the statute.

[4] In this court the charge of unlawful preference is abandoned,

and relief is asked solely by reason of the invalidity of the mortgage under the Michigan statute. It is settled by the decisions of the Supreme Court of Michigan that the words "creditors of the mortgagor" mean subsequent creditors in good faith and without notice of the mortgage, and that the statutory invalidity of an unfiled chattel mortgage extends to all creditors who became such after the giving and before the filing of the mortgage. Recovery can be had here on but one of two theories: First, that the bankruptcy act creates a lien in favor of the creditors under which the rights given by the Michigan statute can be enforced; or, second, that the Michigan statute creates such a lien.

[5] The bankruptcy act does not operate as an attachment of the bankrupt's property, nor itself create a lien in favor of creditors of the class before us. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Crucible Steel Co. v. Holt (C. C. A. 6) 174 Fed. 127, 98 C. C. A. 101, affirmed by the Supreme Court April 1, 1912, 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. ——. The controlling question, therefore, is whether the rights given by the Michigan statute to the class of creditors named amount to an actually established lien, or, on the other hand, to a mere right to create a lien. The interpretation of this statute as adopted by the Supreme Court of Michigan must be accepted by the federal courts. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; In re Doran (C. C. A. 6) 154 Fed. 467, 83 C. C. A. 265.

[6] The learned district judge was of opinion that it was not necessary, under the Michigan statute, that the creditors in question should have obtained a lien upon the mortgaged property as a condition precedent to relief as against the mortgagee. Since the decision below, the case of In re Huxoll, 193 Fed. 851, has been decided by this court. We there carefully reviewed and considered the Michigan decisions, and reached the conclusion that the Michigan statute does not of itself create a lien upon the mortgaged property prior to the lien of the mortgage; but gives merely a right to a lien, requiring a proceeding of some kind for its fastening. We there held that the right to lien was lost if such proceeding was not taken before bankruptcy.

It is urged that an assignee for the benefit of creditors is held by the Supreme Court of Michigan to have a right to avoid an unrecorded chattel mortgage so far as affects the rights of creditors of the class here concerned; and it is insisted that the rights of a trustee in bankruptcy are no less than those of a statutory assignee. But, as we pointed out in the Huxoll Case, the Michigan decisions mean no more than that the assignee is by the assignment given a lien upon the property which did not before exist.

[7] The mere fact that a lien is created under statutory assignment for the benefit of creditors does not give a lien under the Bankruptcy Act. This conclusion directly follows from the decision in York Mfg. Co. v. Cassell, supra; for under the Ohio decisions the superior rights of creditors under an invalid chattel mortgage could

be enforced by an assignee in insolvency, by the personal representatives of a deceased insolvent, as well as by the receiver of an insolvent corporation. Cincinnati Equipment Co. v. Degnan (C. C. A. 6) 184 Fed. 834, 842, 107 C. C. A. 158. In the Degnan Case we declined to yield to the contention that, because a trustee in bankruptcy could not enforce the superior rights of creditors under the Ohio statute, relief could not be had by virtue of a receivership under a creditors' bill. And in the Huxoll Case we said that "the fact that an assignee for the benefit of creditors is by the assignment given a lien does not of itself give such a lien to the trustee in bankruptcy." There is nothing in the decision of this court in Foerstner v. Citizens' Savings & Trust Co., 186 Fed. 1, 108 C. C. A. 267, opposed to the proposition above stated. In the Foerstner Case relief was denied to the claimant under an unfiled real estate mortgage upon the ground that the Ohio statute, as construed by the highest court of that state, gave the mortgagee merely a contract for a lien, as distinguished from an actual lien. Heineman v. Schloss, 83 Mich. 153, 157, 47 N. W. 107, is cited as authority for the proposition that a bill of complaint gives the same equitable lien that a proceeding in garnishment brought by the creditors represented by the trustee would have given.

[8] While we find nothing in that case supporting the proposition stated as applied to the situation before us, the question is immaterial here, because no bill in equity had been filed previous to the bankruptcy, and it is clear, under the authorities we have cited, that the filing of such bill after bankruptcy cannot have the effect claimed. The cases of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and In re Ransford, 194 Fed. 658, decided by this court March 13, 1912, contain nothing opposed to the views we have expressed, as to the necessity of lien before bankruptcy in suits of the character of that before us.

There is no merit in the suggestion that the Huxoll Case does not control the case before us from the fact that the question in that case was merely one of priority between creditors. That case turned squarely upon the decisive propositions that the existence of a lien prior to bankruptcy was necessary for enforcement in bankruptcy of the prior rights of creditors of the class before us, and that no such lien is created by the Michigan statute. The fact that in this case the mortgaged property had been sold, and that attempt is made to reach not the property itself, but the personal responsibility of the mortgagee, gives the trustee no greater rights. The decision in the Huxoll Case must be adhered to, and is decisive of the present controversy.

The decree appealed from must be reversed, with costs, and the case remanded to the District Court, with directions to enter decree dismissing the bill of complaint.