STEPHENS v. CHICAGO, M. & P. S. RY. CO.

(District Court, D. Idaho, N. D.   July 10, 1913.)

No. 547.

REMOVAL OF CAUSES (§ 17*)—ACTION UNDER EMPLOYER'S LIABILITY ACT—WAIVER OF OBJECTION.

The provision of Employer's Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), that an action brought thereunder in a state court of competent jurisdiction shall not be removed, confers a personal privilege on the plaintiff which he may waive, and does waive, where he fails to object to a removal when made and thereafter invokes the affirmative action of the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10; Dec. Dig. § 17.*]

At Law.   Action by J. W. Stephens against the Chicago, Milwaukee & Puget Sound Railway Company.   On motion to remand to state court.   Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Elder & Elder, of Cœur d'Alene, Idaho, for plaintiff.

Geo. W. Korte, of Seattle, Wash., and J. L. McClear, of Cœur d'Alene, Idaho, for defendant.

DIETRICH, District Judge. This action. which involves a claim for personal injuries received by the plaintiff while he was in the employ of the defendant as car inspector and repairer, was commenced in the state district court, and thereafter, upon the defendant's petition, was brought here on removal. The transcript of the record was filed with the clerk upon June 29, 1912. Thereafter, upon stipulation of the parties, the plaintiff procured leave to amend, and accordingly he filed an amended complaint on August 28, 1912. Subsequently the defendant filed demurrer and motion to strike out certain portions of the amended complaint, which motion and demurrer were allowed in part. Thereafter, namely, upon May 31, 1913, the defendant filed its answer, and upon the application of the plaintiff the cause was set down for trial. Later, upon June 9th, the defendant moved for a continuance of the cause on account of the absence of material witnesses, and while this motion was still pending the plaintiff moved that the cause be remanded to the state court, upon the ground that the causes of action pleaded are, as claimed, based upon the Employer's Liability Act of Congress approved April 22, 1908, c. 149, 35 Stat. 149 (U. S. Comp. St. Supp. 1911, p. 1322), as amended by the Act of April 5, 1910, c. 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324). Up to this time—that is, up to June 9, 1913—the plaintiff had never suggested want of jurisdiction or made any objection to the jurisdiction of this court, and, upon the other hand, had invoked the exercise of such jurisdiction to the extent already explained.

I am inclined to the view that under the rule as announced by the Supreme Court of the United States in St. Louis, San Francisco & Texas Ry. Co. v. Maud Seale et al., 229 U. S. 156, 33 Sup: Ct. 651, 57 L. Ed. ——, and Martin Pedersen v. Delaware, Lackawanna & Southeastern R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. ——, both decided May 26, 1913 (see advance sheets), each of the two causes of action as set forth in the original complaint must be deemed to be based upon the Employer's Liability Act, and that the case was not originally removable to this court. The motion to remand must therefore be allowed, unless it be held that the plaintiff in such an action can waive the right to object to removal; under the facts there can be no question of such waiver, provided the power to waive exists. The Liability Act, as amended April 5, 1910, provides that:

"The jurisdiction of the courts of the United States under this act shall be concurrent with the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction, shall be removed to any court of the United States."

Inasmuch as the requisite diversity of citizenship and the value of the matter in dispute are present, it will be seen that the subject-matter of the action is within the general jurisdicion of this court, and that it was optional with the plaintiff whether he would commence the action in the state court or bring it here. It is not a case, therefore,

where the court is without jurisdiction of the subject-matter, and while it is provided in the statute that no such case, when "brought in any state court of competent jurisdiction, shall be removed to any court of the United States," the provision does not indicate an unwillingness on the part of Congress that federal courts exercise such jurisdiction, for it is by express language conferred upon both federal and state courts concurrently, and the plaintiff could as well have brought the action here as in the state court. It is apparent that the prohibition against removal is for the benefit, and is a personal privilege, of the plaintiff, and, if he could have originally brought the suit in this court, there is no reason why he could not waive his privilege, and, after the commencement of the action in the state court, consent to the removal thereof to this court. I perceive no substantial distinction in principle between such a provision and section 51 of the "Judicial Code" (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]), which declares that:

"No civil suit shall be brought in any district court against any person in any other district than that whereof he is an inhabitant."

One appears to be quite as mandatory as the other. And yet it is well settled that the right thus conferred of having the suit brought in the district of his residence is a personal privilege which the defendant may waive. Kreigh v. Westinghouse & Co., 214 U. S. 252, 29 Sup. Ct. 619, 53 L. Ed. 984; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164. That the plaintiff, in an action under the Employer's Liability Act, may waive the right to have it remanded by failing seasonably to object to its removal, is held in Thomas v. Chicago & N. W. Ry. Co. (D. C.) 202 Fed. 766. See, also, Detroit Trust Co. v. Bank, 196 Fed. 29, 115 C. C. A. 663.

It appearing therefore that the objection is one which the plaintiff may waive, and that here the plaintiff has, both by acquiescence and by invoking the interposition of this court, consented to its jurisdiction, the motion to remand will be denied.