Williams, J.
 

 The Court of Appeals heard the case on error on the agreed statement of facts, but the question is also properly made upon the facts admitted by the pleadings! The Court of Appeals was right in expressing the opinion that the record presented nothing but a question of law.
 

 
 *402
 
 The scope of the inquiry is limited to the determination of the question whether the right of a conditional vendor to the property sold under a conditional sale contract, not deposited with the recorder of the proper county, is superior to the rights of a receiver of the conditional vendee.
 

 The order appointing the receiver directed him to immediately take charge of all the property of Me-Web’s, Inc., the defendant corporation, to liquidate the same under the further orders of the court, and to do any and all things else necessary to preserve and protect the assets of the “estate” and carry out the purposes of his appointment.
 

 It appears that under the court’s order the receiver seized the property of McWeb’s, Inc., including the goods sold on condition that title was to remain in the vendor, and proceeded to sequestration and disposition of all of it, and the payment of the debts of the insolvent conditional vendee.
 

 At common law the right and title of a conditional vendor are in no way affected by the appointment of a receiver for the conditional vendee for the reason that the receiver stands in the shoes of the vendee and has no better title. In a number of states in this country the common law still .prevails, but in others statutes have been enacted providing that when a conditional sale contract is not filed or recorded as therein provided the contract shall be invalid as to certain claimants specified therein. Such a statute has been passed in this state (Section 8568, General Code), and it provides that the conditions in regard to the title remaining in the vendor until payment “shall be void as to all subsequent purchasers and mortgagees in good faith and for value, and
 
 creditors
 
 unless the conditions are evidenced by writing,” signed by the conditional vendee, and there is also a statement thereon of the amount of the claim, under oath, made by the conditional vendor, his agent or attorney, and the
 
 *403
 
 original or a true copy verified by affidavit, is “deposited” with tbe recorder of the proper county.
 

 There are some states in which the statutes use the word “creditors” in a similar manner. In a few of these states the courts have construed “creditors” to mean those having a specific lien on the property as by execution or attachment prior to the time of the contract of conditional sale being filed or recorded as provided by law.
 

 There is no decision of this court involving the rights of a conditional vendor as against a receiver of the conditional vendee, and the question presented is in this sense one of first impression. There are, however, decisions in this jurisdiction fixing the rights of a receiver or an assignee for the benefit of creditors as against an existing unrecorded real estate mortgage or unfiled chattel mortgage. By these decisions there has been established what is frequently referred to as the Ohio Buie. Jones on Chattel Mortgages and Conditional Sales (Bowers 6th Ed.), 207, Section 1130; 7 Ohio Jurisprudence, 327; 61 A. L. R., 983, annotation.
 

 The rule may be stated thuswise: Where an insolvent mortgagor is in possession under an unfiled chattel mortgage or an unrecorded real estate mortgage and all of the mortgagor’s property is taken over for liquidation by a receiver appointed for that purpose, or by an assignee for the benefit of creditors, the receiver or the assignee takes the mortgaged property free from the lien of the unfiled or unrecorded mortgage, notwithstanding such a mortgage is recognized to be valid as between the parties.
 

 This principle is imbedded in the jurisprudence of this state, and the rationale of the doctrine is that the appointment of the receiver and the qualification of the assignee in court are in the nature of an equitable execution, and the seizure by the receiver or assignee is in effect an equitable levy which fixes the rights of creditors in the property as fully as the right of an
 
 *404
 
 attaching or judgment creditor is fixed by the levy under an attachment or execution.
 

 In an early case it was held that an assignee for the benefit of creditors takes the property of the debtor free from the claim of a mortgagee under an unfiled chattel mortgage, and it is stated in the opinion that there appears to be “no good reason why their [the creditors’] rights may not be as effectually asserted through the assignee, as they could be by judgment and execution in case there had been no assignment.”
 
 Hanes
 
 v.
 
 Tiffcmy,
 
 25 Ohio St., 549, 553.
 

 This principle has been approved in later cases.
 
 Kilbourne
 
 v.
 
 Fay, Exr.,
 
 29 Ohio St., 264, 278, 23 Am. Rep., 741;
 
 Lindemann
 
 v.
 
 Ingham,
 
 36 Ohio St., 1, 11;
 
 Blandy
 
 v.
 
 Benedict,
 
 42 Ohio St., 295;
 
 Westlake
 
 v.
 
 Westlake,
 
 47 Ohio St., 315, 317, 24
 
 N.
 
 E., 412. At the time of these decisions the .statute (Revised Statutes, Section 4150, now Section 8560, General Code), which provided for the filing of chattel mortgages, used the word “creditors” similarly to its use in Section 8568, General Code.
 

 The rule was given new force in two subsequent decisions under statutes providing that mortgages of real estate should take effect from the time they were delivered to the recorder of the proper county for record. (Revised Statute, Section 4133, now Section 8542, General Code.) In
 
 Betz
 
 v.
 
 Snyder,
 
 48 Ohio St., 492, 28 N. E., 234, 13 L. R. A., 235, it was held that a real estate mortgage, which has not been left for record with the recorder before an assignment of the property for the benefit of creditors by the mortgagor takes effect, is not a valid lien as against the assignee and that the situation is not changed by a subsequent filing of the mortgage for record. In
 
 Cheney
 
 v.
 
 Maumee Cycle Co.,
 
 64 Ohio St., 205, 60 N. E., 207, the court asserted the principle in this form: “A mortgage of real property which has not been delivered to the recorder of the proper county for record before the ap
 
 *405
 
 pointment of a receiver for the property of the mortgagor, is not a valid lien npon the property as against the receiver, and the receiver, for and in the interest of general creditors, is entitled to the proceeds of sale of snch mortgaged premises in preference to the mortgagee. ’ ’ In the reasoning of the opinion the basic legal tenet upon which the case is made to turn is that the appointment of the receiver constituted an equitable execution.
 

 By parity of reasoning a receiver who by court order has seized the property in the hands of a conditional vendee under a conditional sale contract not deposited with the county recorder, as required by Section 8568, General Code, acquires right to the property as against the conditional vendor. Logic and good judgment require the application of the so-called Ohio Rule in the instant case, and it has been applied to like situations in the federal courts.
 
 Hamilton
 
 v.
 
 David C. Beggs Co., 179
 
 F.,
 
 949, 952; Cincinnati Equipment Co.
 
 v.
 
 Degnan,
 
 184 F., 834, 842, writ of certiorari denied, 220 U. S., 623, 55 L. Ed., 614, 31 S. Ct., 724;
 
 Ferstner
 
 v.
 
 Citizens’ Savings & Trust Co.,
 
 186 F., 1, 5;
 
 E. I. Du Pont De Nemours Powder Co.
 
 v.
 
 Jones Bros.,
 
 200 F., 638, 645.
 

 The defendant in error relies on
 
 York Mfg. Co.
 
 v.
 
 Cassell,
 
 201 U. S., 344, 50 L. Ed., 782, 26 S. Ct., 481, decided in 1906. This case involves the rights of a trustee in bankruptcy and was decided before the amendment of the Bankruptcy Act which was passed in 1910, Title 11, Section 75, U. S. Code. That decision in our judgment is of no controlling importance in the instant case.
 

 The previous decisions of this court beget a sense of finality within the limits of their proper application, if due weight is given to precedent, for the rule as outlined has obtained in this jurisdiction for more than sixty years without interruption; but there is an additional observation to be made which tends to lead
 
 *406
 
 the legal mind to the conclusion that the rule is sound. Those courts that construe the word “creditors,” as used in such statutes, to mean only those that have a specific lien as by attachment or execution, are reading an element into the statutes that is not there. It is true a creditor or creditors can have no claim against or interest in the encumbered property unless the right of the creditor or creditors has been asserted through a seizure' before the incumbrance is made a matter of record, by filing or depositing, but it is difficult to understand why a seizure by a receiver is not as effectual an assertion of the rights of all the creditors as a levy by the sheriff is of those of a judgment or attaching creditor.
 

 In our opinion the Ohio Rule regulating the relationship of the receiver appointed for an insolvent debtor for the purpose of liquidation applies against a conditional vendor as well as against a mortgagee. The rights of the receiver in the instant case are therefore paramount to those of the conditional vendor.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Day and Zimmerman, JJ., concur.
 

 Matthias, J., not participating.