**DIRECTOR OF TRANSPORTATION OF the STATE of Ohio et al., Appellants,**

v.

**EASTLAKE LAND DEVELOPMENT CO. et al., Appellees.**

[Cite as *Ohio Director of Transp. v. Eastlake Land Dev. Co.,* 177 Ohio App.3d 379, 2008-Ohio-3013.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 89482, 89483, 89548, and 89682

Decided June 26, 2008.

380

Brouse McDowell, L.P.A., Joseph T. Dattilo, Alan M. Koschik, Caroline L. Marks, and Marc B. Merklin, for appellant American First Federal, Inc.

John D. Chiapetta, for appellee Eastlake Land Development Co.

Nancy Hardin Rogers, Attorney General, and Joseph A. Schwade, Assistant Attorney General; and Hohmann, Boukis, & Curtis and William T. Hohmann, for appellee the Director of Transportation of the State of Ohio.

Joseph R. Klammer, for appellee the city of Eastlake.

McCarthy, Lebit, Crystal & Liffman Co., Robert T. Glickman, and Ian M. Redmond, for Mark Dottore, Receiver.

---

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} This case concerns a receiver's sale of two parcels of vacant industrial real estate located on Erie Road, in the city of Eastlake, Lake County, Ohio. The

parcels were encumbered by three mortgages held by plaintiff-appellant American First Federal, Inc. ("AFF"), a mortgage held by plaintiff-appellee the Director of Transportation of the State of Ohio (the "state"), a mortgage deed held by defendant-appellee the city of Eastlake, and two judgment liens held by the state. A court-appointed receiver sold the properties in order to satisfy the debts of defendant-appellee Eastlake Land Development Company.

{¶ 2} In this appeal, we are asked to decide whether a trial court may vest in a receiver the power to take away contractual lien rights in property without the consent of lienholders and without due process. We hold that it may not and, accordingly, reverse and remand.

### The Facts

{¶ 3} In 1997, John D. Chiappetta and his wife, Patricia A. Chiappetta, individually and as officers of American Container Network, Inc., executed a cognovit revolving promissory note in the amount of $500,000. This note was secured by two open-ended mortgages (mortgage Nos. 970008565 and 970008566) on two parcels of vacant industrial land [1] located in the city of Eastlake, Lake County, Ohio. In 1998, the Chiappettas individually executed a second promissory note for $250,000, which was secured by an open-end mortgage (mortgage No. 980001084) on the second parcel.

{¶ 4} On July 2, 1998, Eastlake Land Development Company, by and through its president, John Chiappetta, entered into a loan agreement and promissory note with the state to fund development and construction on the property. The city of Eastlake guaranteed the loan, which was for $2,425,000.

{¶ 5} On August 15, 2002, after Eastlake Land Development Company defaulted on the loan, the state filed suit against Eastlake Land Development Company and the city of Eastlake to recover amounts due on the note.

{¶ 6} In December 2002, the state and Eastlake Land Development Company entered into a stipulated judgment that Eastlake Land Development Company owed $2,659,525.88 on the note. Subsequently, on March 21, 2003, the state moved for summary judgment against the city of Eastlake on its guarantee. The state also requested the appointment of a receiver under R.C. 2735.01 on the grounds that Eastlake Land Development Company was insolvent and that "it is in the best interest of the City as well as [the state] to have a receiver appointed for Eastlake Land Development Company." The trial court subsequently granted the state's summary-judgment motion and on June 11, 2003, appointed a receiver. The state also filed a certificate of judgment in the Lake County Court of Common Pleas on April 4, 2003.

---

1. Parcel Nos. 34–A–012–0–00–013–0 (Sublot 1B) and 34–A–012–0–00–012–0 (Sublot 3).

{¶ 7} On December 29, 2003, after these proceedings had commenced and the receiver had been appointed, AFF received an assignment of the first two mortgages from First Merit Bank, N.A., and on March 24, 2004, received an assignment of the third mortgage.

{¶ 8} Over the next several months, the city of Eastlake and the state engaged in mediation conducted by the receiver. Eventually, they amicably resolved their dispute regarding the city's liability under the guaranty.

{¶ 9} In October 2004, AFF filed a foreclosure action in Lake County regarding the property. The state and the receiver opposed these proceedings. In December 2005, after the foreclosure action was stayed pending resolution of the receivership proceedings, AFF moved to intervene in the receivership proceedings. Upon the granting of its motion to intervene, AFF immediately filed its objection to the receiver's pending request to sell the first parcel, on the grounds that there was no provision to pay AFF its proper lien interest as first lien holder. The trial court subsequently granted the receiver's motion to sell the parcel, over AFF's objection. That transaction, in the amount of $195,000, closed on June 28, 2006. The trial court subsequently denied AFF's motion to remove the receiver.

{¶ 10} On January 4, 2007, the receiver filed a request for authority to sell the second parcel for $250,000. He stated that he "believe[d] that this is a commercially reasonable price and it would be in the best interests of the creditors to consummate this transaction." The receiver submitted no evidence of his efforts to sell the property with his request and no evidence to substantiate his "belief" that $250,000 was a "commercially reasonable price" for the parcel.

{¶ 11} On January 30, 2007, the trial court entered an order setting the receiver's motion for hearing on February 13, 2007. Inexplicably, however, on the same day, despite having set the receiver's motion for hearing and without vacating its order setting the hearing, the trial court entered an order granting the receiver's request to sell the second parcel, stating:

{¶ 12} "Receiver * * * is ordered to negotiate with Jennie Chiccola Realty for the sale of the above referenced real property and, if possible, sell the property for the sum of $250,000.00.

{¶ 13} " * * *

{¶ 14} "The Receiver is hereby authorized to convey title free and clear of the following liens and encumbrances of record: Mortgage No. 970008566 [held by AFF]; Mortgage No. 990044219 [held by the director of transportation]; Mortgage No. 2002R028822 [held by the city of Eastlake]; Judgment Lien No.

03JL001077 [held by the director of transportation]; Judgment Lien No. 03JL001078 [held by the director of transportation]."[2]

{¶ 15} Presumably anticipating the scheduled hearing on February 13, 2007, AFF filed a brief in opposition to the receiver's motion on February 2, 2007. In its brief, AFF submitted a credit bid of $251,000 for the second parcel. It subsequently filed a notice of supplemental evidence that the parcel was actually worth $602,790, if not more.

{¶ 16} Although there is nothing in the record confirming the sale, the parties agree that the sale of the second parcel closed on February 6, 2007. Subsequently, on February 27, 2007, the trial court granted the receiver's second application for payment of receiver's fees and expenses. Thereafter, the trial court entered a nunc pro tunc order amending its February 27 order to specify that the "money for the fees and expenses shall come out of the proceeds [from the sale of the property] held in escrow."

{¶ 17} In these four consolidated appeals, AFF appeals from the trial court's orders authorizing the receiver's request for authority to sell the second parcel of land and the trial court's orders granting the receiver's second application for fees and expenses.

### Jurisdiction

{¶ 18} In its first assignment of error, AFF argues that the sale of the property must be vacated, because the trial court lacked jurisdiction to order the sale of property in another county.

{¶ 19} Subject-matter jurisdiction is the power of a court to hear and decide cases upon their merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. It is a condition precedent to the court's ability to hear the case; if a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

{¶ 20} Courts of common pleas are courts of general jurisdiction and have original jurisdiction in all civil suits in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, citing R.C. 2305.01. County courts have exclusive original jurisdiction in civil actions for the recovery of sums

---

2. On February 2, 2007, the trial court entered another order granting the receiver's motion to sell the property. This order was identical to its earlier order, except that the February 2, 2007 order replaced "Mortgage No. 970008566" with "Mortgage No. 970008565." (Emphasis added.) (Neither order mentioned AFF's third mortgage, mortgage No. 980001084, which was recorded on April 15, 2004.)

not exceeding $500 and original jurisdiction in civil actions for the recovery of sums not exceeding $15,000. R.C. 1907.03.

{¶ 21} This action was a contract action for the recovery of the unpaid balance due on a $2,425,000 loan. Accordingly, the action falls within the broad jurisdictional grant of the common pleas court.

{¶ 22} Venue, as opposed to jurisdiction, relates to where a cause can be tried and must also be proper. *Morrison*, 32 Ohio St.3d at 87, 290 N.E.2d 841. Under Civ.R. 3(B), proper venue lies in any one or more of the following counties: (1) the county in which the defendant resides, (2) the county in which the defendant has his or her principal place of business, (3) a county in which the defendant has conducted activity that gives rise to the claim for relief, (4) a county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property, (5) the county in which all or part of the claim for relief arises, (6) in actions under Ohio's long-arm statute, the county where the plaintiff resides, (7) if there is no available forum, the county in which the plaintiff resides, has his or her principal place of business, or regularly and systematically conducts business activity.

{¶ 23} Because defendant-appellee Eastlake Land Development Company was located in and conducted business in Cuyahoga County, venue was proper here. Moreover, AFF never raised improper venue in the trial court and, therefore, has waived this issue for purposes of appeal. Civ.R. 12(H)(1); *McGannon v. A. Am. Entertainment Corp.* (July 15, 1999), Cuyahoga App. No. 76002, 1999 WL 500164. AFF's first assignment of error is therefore overruled.

### The Receiver's Authority to Sell the Property Free of AFF's Liens

{¶ 24} In its second assignment of error, AFF argues that the trial court erred in ordering that the second parcel could be sold free and clear of AFF's mortgage liens. AFF contends that neither the receiver nor the court gave AFF notice that its mortgage liens on the property would be foreclosed by the receiver's sale of the property.

{¶ 25} The record reflects that the receiver never served AFF with a summons and complaint notifying AFF that he sought to extinguish its interests through the sale of the property. Instead, in a three-paragraph motion, the receiver moved the trial court for an order permitting him to negotiate the sale of the second parcel. Significantly, in that motion, the receiver never requested to sell the property free and clear of AFF's mortgage liens. Nevertheless, the trial court specifically authorized him to convey title to the property free and clear of AFF's liens on the property.

{¶ 26} Appellees argue that AFF waived any error in the proceedings, because it failed to timely file a brief in opposition to the receiver's request to sell the

second parcel. Appellees also argue that even if AFF had not waived error in the proceedings, the receiver was not obligated to give AFF notice that it intended to sell the property free of AFF's lien, because the receiver merely exercised the power given him by the court, which authorized him to sell Eastlake Development Company's assets "in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale." The receiver argues that the trial court's order appointing the receiver did not require compliance with "any procedures, let alone those requested by [AFF]."

{¶ 27} Appellees' argument that AFF waived any error in the proceedings is wholly without merit, as the trial court undeniably committed plain error in authorizing the receiver to sell the property free and clear of AFF's liens without AFF's consent or, at a minimum, notice to AFF that the property would be sold free of its liens.

{¶ 28} "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099. This is that exceptional case.

{¶ 29} The threshold question confronting us in this case is whether the trial court could authorize the receiver to take the action he took, i.e., to sell the second parcel free and clear of AFF's liens even though AFF had not consented to the same and had not received notice that the property would be sold free of its lien. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808. If the answer to that question is no, then the receiver's actions, despite the purported authorization of the court, would be erroneous as a matter of law. Id.

{¶ 30} The Fifth District Court of Appeals considered this question in a remarkably similar case. In *Au v. Au Rustproofing Ctr., Inc.* (July 3, 1984), Richland App. No. CA-2227, 1984 WL 4959, a receivership proceeding, the receiver filed a motion asking leave of the trial court to sell certain real property of the debtor free and clear of all liens. Liens on the real property were to be attached to the fund created by the sale. One of the creditors objected, but the trial court granted the receiver's motion. On appeal, the Fifth District reversed the order of sale and held that the trial court had erred in approving the sale of real property by the receiver on terms that divested the creditor's lien on the property. The court stated, "[W]e believe the courts do not have the power in

receiver proceedings to take away lien rights in property which were vested by contract or by operation of law without the consent of lien holders." Id.

{¶ 31} The same reasoning applies here. The trial court did not have authority to authorize the receiver to convey the property free and clear of AFF's contractual lien rights in the property without AFF's consent or notice to AFF that the property would be sold free of its liens. The trial court's order authorizing the receiver to do so effectively resulted in a denial of AFF's due-process rights and, accordingly, was erroneous as a matter of law.

{¶ 32} We concur with the dissent's observation that it can "find no Ohio case which holds that the only way to extinguish a lienholder's interest in a property is through a foreclosure action." Nor can we. However, the procedures mandated by foreclosure are more than statutory "hoops" through which one must jump; they embody real concepts of due process. Notice, opportunity to be heard, independent appraisal, and public sale are designed to protect the interests of all parties; due process is a notion embedded in all court action. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 56, 563 N.E.2d 1388; *Union Bank Co. v. Brumbaugh* (1982), 69 Ohio St.2d 202, 208, 23 O.O.3d 219, 431 N.E.2d 1020.

{¶ 33} The dissent succumbs to the logical fallacy "post hoc ergo proper hoc" that if a foreclosure procedure statutorily mandates notice, opportunity to be heard, independent appraisal and public sale, and this is not a foreclosure action, then notice, opportunity to be heard, independent appraisal, and public sale are not required. We hold here to the contrary: a receiver's sale is subject to due-process requirements and review, and failure to provide the same requires reversal and remand.

{¶ 34} Appellant's second assignment of error is sustained, the trial court's order approving the sale of the property is reversed, and the matter is remanded for further proceedings.

### R.C. Chapter 2329 Proceedings

{¶ 35} In its third assignment of error, AFF argues that the trial court erred by not requiring the receiver to follow the statutory procedures set forth in R.C. 2329. AFF argues that these procedures, which are designed to protect a creditor's interests in property, are applicable to a receiver's sale of real property and require an appraisal of the property, notice of the sale to the debtor, public notice of the sale, sale of the property for not less than two-thirds of the appraised value, and a court order confirming that the sale was made in conformity with the statutory procedures and ordering a deed for the purchaser, none of which were done in this case.

{¶ 36} Our resolution of AFF's second assignment of error makes this assignment of error moot. See App.R. 12(A)(1)(c).

**Evidence of Property Value**

{¶ 37} In its fourth assignment of error, AFF argues that the trial court erred in ordering the sale of the second parcel for $250,000 in the absence of any evidence from the receiver that the proposed purchase price was reasonably equivalent to the actual value of the property. Without such evidence, AFF contends, the trial court could not determine whether it would be in the best interests of the creditors to permit the sale.

{¶ 38} Again, our resolution of AFF's second assignment of error renders this assignment of error moot. We note, however, that AFF's argument appears to be well taken. The trial court had only the receiver's unsubstantiated opinion that $250,000 was a commercially reasonable price for the property and that "it would be in the best interests of the creditors to consummate this transaction." Because this purchase price did not even come close to satisfying AFF's first mortgage liens, and in light of AFF's evidence demonstrating that the property was actually worth over $600,000, it is difficult to ascertain upon what basis the receiver and the trial court reached the conclusion that it would be in AFF's "best interest" to consummate the sale for $250,000, despite AFF's credit bid of $251,000.

{¶ 39} Appellant's third and fourth assignments of error are overruled as moot.

**Receiver's Fees and Expenses**

{¶ 40} Finally, in its fifth assignment of error, AFF argues that the trial court erred by granting the receiver's second application for receiver's fees and expenses and ordering that those fees and expenses be paid from the proceeds of the sale of the mortgaged property, because AFF did not request, consent to, or otherwise acquiesce in the proceedings held by the receiver. We agree.

{¶ 41} It is well-settled law that neither the mortgagee nor the mortgaged property is liable for a receiver's fees and expenses unless the mortgagee has acquiesced in the receivership proceedings. See *Press & Plate Co. v. Cincinnati Freie Presse Co.* (1943), 72 Ohio App. 35, 26 O.O. 522, 48 N.E.2d 870. In *Press & Plate Co.*, for example, the First District Court of Appeals noted that "[b]oth federal and state courts have uniformly held that a mortgagee, or the mortgaged property, is not liable for expenses of carrying on or continuing the business of an insolvent private corporation or concern which has been placed in receivership at the suit of someone other than the mortgagee, in which proceeding the mortgagee has never acquiesced in any manner." Id. at 35, 26 O.O. 522, 48 N.E.2d 870. Only if a mortgagee participates in the receivership proceedings, using the machinery of that action to secure the sale of the mortgaged assets,

may the reasonable costs and expenses of the receivership be charged against the proceeds of the sale of the mortgaged property. Id. at 40, 26 O.O. 522, 48 N.E.2d 870.

{¶ 42} The record in this case is replete with evidence that AFF never acquiesced to or participated in the receivership proceedings. When it intervened in the action below, AFF immediately requested that the receiver be removed and that the foreclosure proceedings that AFF had commenced in Lake County be allowed to continue. AFF further objected to the receiver's sale of the property and to the payment of the receiver's fees from the proceeds of the sale.

{¶ 43} A mortgagee who did not ask for the receivership cannot be charged with the payment of any part of the receiver's fees and is liable only for that portion of the expenses it would have incurred had it instituted foreclosure itself instead of merely objecting to the disposition of the property by the receiver. *Press & Plate*, 72 Ohio App. at 35, 26 O.O. 522, 48 N.E.2d 870. Accordingly, the trial court erred in granting the receiver's requests for fees and expenses and ordering that his fees be paid from the proceeds of the sale of the mortgaged property.

{¶ 44} Additionally, the court erred by charging the costs and expenses arising from the mediation of the dispute between the city of Eastlake and the state to the receivership estate, which consists of the proceeds from the sale of AFF's mortgage collateral. The mediation involved the state's and the city's dispute regarding the city's alleged liability under the guaranty agreement. The resolution of this dispute conferred no benefit upon AFF or the mortgaged property, and thus it was error to require AFF, as first mortgage holder, to bear the costs of the state's and the city's decision to use the receiver to mediate their private dispute.

{¶ 45} Appellant's fifth assignment of error is sustained. The orders granting the receiver's request for fees and expenses are hereby reversed, and the matter is remanded to the trial court for further proceedings.

Orders reversed
and cause remanded.

BOYLE, J., concurs.

GALLAGHER, P.J., concurs in part and dissents in part.

SEAN C. GALLAGHER, Presiding Judge, concurring in part and dissenting in part.

{¶ 46} I respectfully concur in part and dissent in part with the findings of the majority. I concur with the majority that the trial court had subject-matter jurisdiction of the proceedings, as raised in the first assigned error. With

respect to assigned errors two, three, and four, I respectfully dissent. With respect to the fifth assigned error, I would reverse and remand the cause to the trial court for a hearing on the payment of the receiver fees.

{¶ 47} The majority makes a compelling case for the principle that a trial court may not empower a receiver to take away contractual lien rights in property without the consent of lien holders; nevertheless, under the facts in this case, I would uphold the sale and the ruling of the trial court.

{¶ 48} The properties in question had what can only be described as a tortured history. Initially encumbered by $750,000 in mortgage debt, additional losses spiraled to over $2.6 million by the time Eastlake Land Development and the state of Ohio reached an agreement on the amount of debt incurred to the state. In the end, the total debt for all the transactions exceeded $3 million. It is hard to imagine how acquiring a lien interest of $750,000 in such a property could ever prove to be viable, but AFF eventually acquired the liens.

{¶ 49} I dissent because nothing in R.C. 2735.04 or 2735.01 limits a receiver's ability to transfer property short of limitations placed on the receiver by the trial court. R.C. Chapter 2735 does not contain any restrictions on what the court may authorize when it issues orders regarding receivership property. *Quill v. Troutman Ents., Inc.,* Montgomery App. No. 20536, 2005-Ohio-2020, 2005 WL 994676.

{¶ 50} Further, I can find no Ohio case that holds that the only way to extinguish a lienholder's interest in a property is through a foreclosure action.

{¶ 51} In today's volatile real estate climate, many distressed properties could be hopelessly encumbered by liens based on bad investment decisions. The receiver's authority, with the consent of the trial judge, provides a venue out of this problem in some circumstances. This is not to diminish the contractual interests of the lienholder. Their interest is protected in the proceeds of the sale. In this instance, the receiver, with court approval, deemed the value to be $250,000. In the absence of a claim of fraud or misrepresentation, the receiver is presumed to have acted in the parties' best interest.

{¶ 52} I would also affirm on the basis that AFF failed to take steps to preserve its interests beyond the sale price established by the receiver. In this instance, the receiver petitioned the trial court on January 4, 2007, to sell the property. The original and amended court orders, respectively dated January 30, 2007, and February 2, 2007, expressly authorized the receiver to sell the properties free and clear. AFF never sought to stay the trial court's decision and did not file an objection to the receiver's actions until February 2, 2007, when the sale of the property was in the process of closing. Further, even after the

sale, AFF took no steps to attach the proceeds of the sale or otherwise protect its lien interest.

{¶ 53} As noted in *Quill*, 2005-Ohio-2020, 2005 WL 994676, "appellate arguments are waived where parties could have alerted the trial court to potential error, but failed to do so. See, e.g., *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, at paragraph three of the syllabus, and *Bank One Dayton, N.A. v. Ellington* (1995), 105 Ohio App.3d 13, 17, 663 N.E.2d 660. We have discretion to consider plain error, but we do so only ' "with the utmost caution, under exceptional circumstances, and to prevent a manifest miscarriage of justice." ' *Stiver v. Miami Valley Cable Council* (1995), 105 Ohio App.3d 313, 318, 663 N.E.2d 1310," quoting *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 436 N.E.2d 1001, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

{¶ 54} Further, the holding by the majority raises concerns over the status of the bona fide purchaser of these properties under both R.C. 2325.03 and 2329.45. Both statutes protect the interest of the bona fide purchaser when that purchaser relies on a final judgment or order and acquires the property for value in good faith. I do not believe that the majority opinion addresses this issue.

{¶ 55} Lastly, I believe that AFF is entitled to a hearing on the payment of the receiver fees from the proceeds of the sale. I would remand the cause for a hearing on that issue but affirm the trial court's ruling with respect to the remaining assigned errors.