HUNTINGTON NATIONAL BANK et al., Appellees,

v.

MOTEL 4 BAPS, INC., Appellant.

[Cite as *Huntington Natl. Bank v. Motel 4 BAPS, Inc.*, 191 Ohio App.3d 90, 2010-Ohio-5792.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95107.

Decided Nov. 24, 2010.

</div>

Means, Bichimer, Burkholder & Baker, Jeffrey J. Madison, Lisa T. Banal, and Dennis J. Morrison, for appellee Huntington National Bank.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Gregory B. Rowinski, Assistant County Prosecuting Attorney, for appellee Jim Rokakis, Treasurer.

Collins & Scanlon, Brendan R. Doyle, and Harvey Labovitz, for receiver, Tim Collins.

Weston Hurd, L.L.P., Jonathan P. Blakely, and Julius Trombetto; Ashvin Chandra, L.L.C., and Ashvin Chandra; and Donald E. Wertheimer, for appellant.

---

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Motel 4 BAPS, Inc., appeals the trial court's denial of its motion to stay the receiver's auction and the granting of the receiver's motion to sell foreclosed property. We find no merit to the appeal and affirm.

{¶ 2} In March 2008, Motel 4 obtained a commercial loan from plaintiff-appellee Huntington National Bank in the amount of $1.8 million. To secure payment of the loan, Motel 4 executed and delivered to Huntington a mortgage on the property commonly known as "Super 8 Hotel," a motel located at 15385 Royalton Road in Strongsville, Ohio. It is undisputed that the mortgage was perfected by the filing of the mortgage in Cuyahoga County Recorder's Office in April 2008 and that it was the first lien on the property.

{¶ 3} Motel 4 defaulted on the note, and Huntington demanded payment in full. When Motel 4 failed to pay off the balance of the loan, Huntington obtained a cognovit judgment on the note and filed a complaint to foreclose the mortgage. Huntington also requested the appointment of a receiver to manage, market, and sell the property to satisfy the loan, which the court granted. The receiver retained the Chartwell Group, a commercial real estate firm, to market and sell the property.

{¶ 4} The Chartwell Group arranged for the first public auction of the property to be conducted on November 24, 2009. However, on the day of the auction, Motel 4 filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, which stayed the foreclosure. The bankruptcy matter quickly reached a

resolution wherein all parties agreed that the receiver would not advertise the property for 30 days and would not conduct a second auction for 60 days from the date of the entry in the bankruptcy court. Thus, the agreement provided Motel 4 an opportunity to refinance the property or arrange a friendly purchase within 60 days.

{¶ 5} After the expiration of both time limits, the Chartwell Group began marketing and preparing for a second auction to be held on March 18, 2010. On March 12, 2010, Motel 4 filed a motion to stay the receiver's auction, claiming that the receiver had failed to provide Motel 4 notice of the sale as required by R.C. 2329.26 and that the sale constructively cut off Motel 4's redemption rights. The court did not rule on the motion prior to the auction, which took place as scheduled with the winning bid being $1,273,300. The winning bidder was notified that the auction sale was subject to court approval.

{¶ 6} On March 30, 2010, the receiver filed a motion requesting authorization to sell the property to the successful bidder. After considering briefs from both parties and conducting a hearing, the trial court granted the motion to sell the property on May 4, 2010. Motel 4 now appeals, raising two assignments of error.

{¶ 7} In the first assignment of error, Motel 4 argues that the trial court abused its discretion by not following the mandatory procedures set forth in R.C. Chapter 2329 before ordering the sale of the property. Specifically, Motel 4 claims that the court-appointed receiver was bound by the notice requirements set forth in R.C. 2329.26. We disagree.

{¶ 8} A receiver sale is an alternative remedy to a sheriff's sale for enforcing and satisfying a judgment. A receiver "is appointed for the benefit of all the creditors of the property subject to receivership," *Castlebrook Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 350, 604 N.E.2d 808, and as "an officer of the court [is] at all times subject to its order and direction," *Park Natl. Bank v. Cattani*, 187 Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623, ¶ 10, "deems appropriate." *Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62. As such, a reviewing court will not disturb the trial court's judgment absent an abuse of discretion. Unlike writs of execution that follow strict procedural requirements, receiverships have been called equitable executions because the court's authority for appointing receivers is derived from the court's equitable power. *Doyle v. Yoho Hooker Youngstown Co.* (1936), 130 Ohio St. 400, 403–404, 4 O.O. 566, 200 N.E. 123. The Ohio Supreme Court has interpreted R.C. 2735.04 as "enabling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62. Therefore, a

reviewing court will not disturb the trial court's judgment absent an abuse of discretion.

{¶ 9} In contrast, a writ of execution is "a process of a court, issued by its clerk, and directed to the sheriff of the county," R.C. 2327.01, against the property, including orders of sale, of a judgment debtor, R.C. 2327.02. Writs of execution must follow the requirements for notice set forth in R.C. 2329.26, which provides:

(A) Lands and tenements taken in execution shall not be sold until all of the following occur:

(1)(a) * * * the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:

(i) Causes a written notice of the date, time, and place of the sale to be served * * * upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered;

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice * * * with proof of service * * *.

{¶ 10} This statute's language indicates that it applies only to writs of execution and not receiverships. Division (A) uses the phrase "taken in execution." Subdivision (1)(a) uses the term "judgment creditor" to describe the one who is required to carry out the notice requirements. Judgment creditors come from money judgments, which are judgments rendered *after* the plaintiff proves that the defendant owes a certain sum of money. In receiverships, on the other hand, the court may appoint a receiver *before* rendering a judgment in foreclosure. Similarly, subsections (i) and (ii) also refer to a "judgment giving rise to the execution."

{¶ 11} R.C. 2735.04, which governs receiverships, does not provide such strict regulations. R.C. 2735.04 provides:

Under the control of the court which appointed him, as provided in section 2735.01 of the Revised Code, a receiver may bring and defend actions in his own name as receiver, take and keep possession of property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes.

{¶ 12} Ohio courts have held that "R.C. Chapter 2735, 'does not contain any restrictions on what the court may authorize when it issues orders regarding receivership property,' [and] * * * this includes the power to authorize a receiver, under certain circumstances, to sell property at a private sale free and

clear of all liens and encumbrances."[1]   *Park Natl. Bank v. Cattani,* 187 Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623, ¶ 13, quoting *Quill v. Troutman Ents., Inc.,* Montgomery App. No. 20536, 2005-Ohio-2020, 2005 WL 994676, ¶ 34. See also *Ohio Director of Transp. v. Eastlake Land Dev. Co.,* 177 Ohio App.3d 379, 2008-Ohio-3013, 894 N.E.2d 1255, ¶ 49–51 (Gallagher, P.J., dissenting).

{¶ 13} Thus, the legislature has clearly defined writs of execution and receiverships as separate and distinct options for enforcing and satisfying debts.  Nevertheless, in support of its claim that the notice procedures set forth in R.C. 2329.26 apply to all receivers, Motel 4 relies almost exclusively on *Eastlake Land Dev.* The issue in *Eastlake* was whether a judicial lienholder, as an indispensable party, was given proper notice as required for due process.  This court declined to decide whether R.C. 2329.26 applied to receiverships because the court found that due process was clearly violated by the complete absence of any notice whatsoever.  The receiver in that case never sent the judicial lienholder the summons and complaint notifying it that he sought to extinguish its interests through the sale of the property.  Id.

{¶ 14} Here, Motel 4 is the debtor and the property owner, not a lienholder. Further, Motel 4 was actively involved in the suit and negotiated a 60–day stay of the sale to have the opportunity to refinance the property or arrange a friendly purchase.  Motel 4 had actual notice of the sale because it knew that once the 60–day stay expired, the receiver would sell the property.  Also, Motel 4 filed a motion for stay of the receiver's auction, claiming defective notice.[2]   Thus, *Eastlake* is inapplicable to the case at bar.

{¶ 15} Having found that R.C. 2329.26 relates only to writs of execution and not receivership sales, which are governed by another chapter of the Ohio Revised Code, we cannot say that the trial court abused its discretion in allowing the receiver to sell the property without following the notice requirements set forth in R.C. 2329.26.

{¶ 16} Accordingly, the first assignment of error is overruled.

---

**1.**   As noted in *Cattani,* "There is broad scholarly and commentary authority to support this finding.  See D. Abney, *Selling Equity Receivership Property Free-and-Clear of Liens and Encumbrances,* 16 Real Est. L.J. 364, 365 (1988);  M. Gibbons and J. Grimes, A Model Statute for Free–and–Clear Sales by Equity Receivers, Am. Bankr.Inst. J. 50, (Mar. 2009) (discussing authority of trial court to authorize receiver to sell property free and clear of liens in Ohio); see, also Annotation, Power of Court to Authorize or Direct Receiver (or Trustee in Bankruptcy) to Sell Property Free from Liens, 35 A.L.R. 255 (1925), updated by 78 A.L.R. 458 (1932) and 120 A.L.R. 921 (1939, with supplement through 2008)."  Id. at fn. 2.

**2.**   Motel 4's counsel admitted at oral argument that his client received notice.  He claims that counsel was required to be served with notice.

■ {¶ 17} In the second assignment of error, Motel 4 argues that even if the court was not required to comply with the procedures set forth in R.C. Chapter 2329 for writs of execution, it committed plain error when it allowed the sale of the property in the absence of actual notice to Motel 4. Motel 4 claims that its constitutional right to due process was violated.

■ {¶ 18} "Due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections." *Galt Alloys, Inc. v. KeyBank Natl. Assoc.* (1999), 85 Ohio St.3d 353, 708 N.E.2d 701, paragraph one of the syllabus. In determining whether notice was reasonably calculated to reach an interested party, a court must examine each case upon its particular facts. *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406–407, 16 O.O.3d 436, 406 N.E.2d 811. Further, the Ohio Supreme Court has held that "a constitutional challenge to the notice provisions of a state statute cannot be sustained where the party claiming a denial of procedural due process possessed actual knowledge of the facts which form the basis of the notice." *Palazzi v. Estate of Gardner* (1987), 32 Ohio St.3d 169, 174, 512 N.E.2d 971.

{¶ 19} Although statutory notice is not required in a receivership sale, Motel 4 nevertheless received notice of the sale. Motel 4 knew that the auction would be scheduled after the 60–day stay had expired. According to the affidavit of Gordon Greene, a real estate broker working with the Chartwell Group, Greene sent notice of the auction to Pradip Patel, the principal of Motel 4, which Motel 4 acknowledged during oral argument. Moreover, Motel 4 clearly had notice of the auction as shown by the fact that it filed its emergency motion to stay the receiver's auction before the second scheduled auction date. Therefore, Motel 4's constitutional right to due process was not violated by the auction and sale of the foreclosed property.

{¶ 20} Accordingly, the second assignment of error is overruled.

Judgment affirmed.

KILBANE, P.J., and JONES, J., concur.