[Cite as *Avondale Community Council v. Galarza*, 2012-Ohio-186.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AVONDALE COMMUNITY COUNCIL, | : | APPEAL NO. C-110221<br>TRIAL NO. A-1003520 |
| SINCLAIR LEWIS, | : | |
| GLENDA JONES, | : | *O P I N I O N.* |
| and | : | |
| SHERICA MITCHELL, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| JOSEPH LENTINE III, et al., | : | |
| Defendants, | : | |
| and | : | |
| NIKKI GALARZA, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| GEORGE W. FELS, CPA, RECEIVER, | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal From: Hamilton County Common Pleas Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 20, 2012

*Legal Aid Society of Southwest Ohio, LLC*, and *Nicholas J. Dinardo*, for Plaintiffs-Appellees,

*Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA*, and *Kenneth R. Goldberg*, for Defendant-Appellant,

*Greenbaum, Doll & McDonald PLLC* and *Richard Boydston*, for Defendant-Appellee.

Please note: This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1} Defendant-appellant Nikki Galarza ("Galarza") appeals the trial court's order granting a motion by the court-appointed receiver, defendant-appellee George W. Fels, CPA, to approve the sale of two properties. For the reasons that follow, we affirm the trial court's judgment.

{¶2} In September 2009, defendants Joseph Lentine III and Galarza's son, John Galarza, purchased at a sheriff's sale three apartment buildings in the Avondale neighborhood of Cincinnati.

{¶3} Lentine and John Galarza failed to make payments for gas and electric services to the buildings, so the services were disconnected in April 2010.

{¶4} Plaintiff-appellees are the Avondale Community Council and tenants of the properties, Sinclair Lewis, Glenda Jones, and Sherica Mitchell. They initiated an action against Lentine and John Galarza in the Hamilton County Common Pleas Court for declaratory and injunctive relief. They sought a declaratory judgment that the properties constituted a public nuisance, and that Lentine and John Galarza had violated state and local laws by failing to maintain the properties, to supply gas and electric services to the properties, and to ensure that the properties were in compliance with building and health codes. The plaintiffs-appellees also sought the appointment of a receiver to take control of the properties.

{¶5} The court granted preliminary injunctive relief to the plaintiffs-appellees, and appointed Fels as receiver for the three properties. Over the next seven months, the court approved each of the monthly reports filed by the receiver. Each of the reports was served on Lentine and John Galarza.

{¶6} In July 2010, Nikki Galarza caused to be recorded in the Hamilton County Recorder's Office a statutory mortgage on the Avondale apartment buildings dated July 6, 2010, in the principal amount of $325,000 from Lentine and Galarza.

{¶7} In December 2010, the receiver filed a motion for an order approving the sale of two of the properties and for distribution of the sale proceeds. The receiver served the motion on all parties, including Galarza, and on Ivan Galarza, John Galarza's father. Shortly thereafter, Lentine filed a document entitled, "Motion Concurring With Sale of Property."

{¶8} In January 2011, the court approved the receiver's eighth report. The court's approval order was served on Galarza. The court permitted the plaintiffs-appellees to file a second amended complaint, naming Galarza as a defendant. In her answer, Galarza claimed an interest in the properties.

{¶9} In February 2011, the court approved the receiver's ninth report. The report and the court's approval order were served on Galarza.

{¶10} On February 18, 2011, the receiver filed his tenth report. On February 24, 2011, the receiver filed a notice of a hearing on his motion for an order approving the sale of the properties. The report and the notice were served on all parties, including Galarza.

{¶11} On March 4, 2011, twelve weeks after the receiver's motion for an order approving the sale of the properties, Galarza filed objections to the motion and to the receiver's tenth report.

{¶12} On March 14, 2011, counsel for Galarza was present at the hearing on the receiver's motion for sale approval. At that hearing, the receiver and a real estate broker who had listed the properties for sale testified.

{¶13} On March 22, 2011, the court issued an order granting the receiver's motion to approve the sale of the properties. The court ordered the sale proceeds to be distributed

to the Hamilton County Treasurer for all real estate taxes due on the two properties, and to the receiver for his costs and expenses. The court ordered that any remainder be held by the title company that would conduct the closing of the sale, pending further court order.

{¶14} Galarza now appeals. In a single assignment of error, she argues that the trial court erred by granting the receiver's motion for an order approving the sale of the properties.

{¶15} First, Galarza argues that in the course of receivership proceedings, a receiver must cause an independent appraisal to be conducted and filed with the court before a proposed sale of property can be approved. She acknowledges that Ohio statutes governing receiverships contain no such appraisal requirement. But she contends that the receiver's proposed sale was subject to R.C. Chapter 2329, the law governing judicial sales. Specifically, Galarza argues that R.C. 2329.17(A) required an appraisal to be conducted prior to the sale of property by the receiver.

{¶16} R.C. Chapter 2329 does not apply to sales of property by receivers, so a trial court is not required to comply with its provisions before ordering a sale of property by a receiver. *Huntington Natl. Bank v. Motel 4 BAPS, Inc.*, 191 Ohio App.3d 90, 2010-Ohio-5792, 944 N.E.2d 1210 (8th Dist.). Accordingly, the trial court did not err by approving the receiver's sale without requiring the receiver to file an appraisal pursuant to R.C. 2329.17(A).

{¶17} Receivership proceedings are governed by R.C. Chapter 2735. R.C. 2735.01 allows a trial court to appoint receivers. Primarily, a receiver is appointed to carry out the court's orders. *Park Natl. Bank v. Cattani*, 187 Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623 (12th Dist.). R.C. 2735.04 provides that a receiver, under the control of the court that appointed him, may take and keep possession of property, receive rents, make transfers, and generally take actions respecting the property as the court authorizes. This

statute has been interpreted by the Ohio Supreme Court as "enabling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74, 573 N.E.2d 62 (1991). Absent an abuse of discretion by the trial court, a reviewing court will not disturb its judgment. *Id.*

{¶18}  In this case, the court conducted an evidentiary hearing on the motion.  The court considered the uncontroverted testimony by the receiver and by a commercial real estate agent with respect to the reasonableness of the sale.  Galarza was represented by counsel at the hearing, but offered no evidence.  Thus, there is nothing in the record to indicate any impropriety in the sale of the property or any unfairness to Galarza in the trial court's approval of the sale.  We find no abuse of discretion by the trial court in its approval of the sale of the properties by the receiver.  Consequently, we affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER, P.J.,** and **CUNNINGHAM, J.**, concur.

Please note:

The court has recorded its own entry this date.