[Cite as *Huntington Bank, L.L.C. v. Prospect Park, L.L.C.*, 2012-Ohio-3261.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97720**

---

# THE HUNTINGTON BANK LLC, ET AL.

### PLAINTIFFS-APPELLEES

vs.

# PROSPECT PARK LLC, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-720895

**BEFORE:** Rocco, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**ATTORNEY FOR APPELLANT**

Gerald W. Phillips
Phillips & Co., LPA
P.O. Box 269
Avon Lake, OH 44012


**ATTORNEYS FOR APPELLEES**

**For The Huntington National Bank**

E. Mark Young
David R. Mayo
Benesch, Friedlander, Coplan & Aronoff
200 Public Square
Suite 2300
Cleveland, OH 44114

**For Cuyahoga County Treasurer**

Fiscal Office
1st Floor
1219 Ontario Street
Cleveland, OH 44113

**For Midwest Realty Advisors LLC**

Bernard H. Niehaus
Frantz Ward LLP
127 Public Square
Suite 2500
Cleveland, OH 44114

**For Parkview Federal Savings Bank**

Sarah Blackburn
Cavitch, Familo & Durkin, LPA

1300 East 9th Street, 20th floor
Cleveland, OH   44114

KENNETH A. ROCCO, J.:

{¶1} In this receivership action, defendant-appellant Prospect Park, LLC ("Prospect Park") appeals from the trial court's judgment approving the completion of sale for the property located at 4614 Prospect Avenue, Cleveland, Ohio 44114 ("the property") for the sum of $1,050,000. Because Prospect Park failed to object to the proposed sale at the trial court level, it has waived its right to raise these arguments on appeal. Further, even if Prospect Park had not waived, the trial court did not abuse its discretion in approving the completion of sale. Prospect Park's position is based on the flawed premise that R.C. Chapter 2329 applies to receiverships. Well-settled authority makes clear that R.C. Chapter 2329 does not apply to receivership cases. Prospect Park fails to adequately address this well-settled authority while adamantly averring that R.C. Chapter 2329 does apply. For these reasons, we affirm the trial court's judgment.

{¶2} This is the second time this matter is before this court. In *Huntington Natl. Bank v. Prospect Park, LLC*, 8th Dist. No. 96218, 2011-Ohio-5391 ("*Huntington I*"), Prospect Park appealed the trial court's decision to appoint a receiver. We affirmed the trial court's judgment. In order to provide background, the relevant portions of *Huntington I* are set forth as follows:

> Plaintiffs filed a verified complaint on March 10, 2010, seeking to foreclose on property owned by Prospect Park at 4614 Prospect Avenue in Cleveland ("the property"). Plaintiffs each possess an ownership interest in the loan

documents that are the subject of this action. Plaintiffs aver in their complaint that Prospect Park executed a cognovit promissory note in the principal amount of $1,700,000. A cognovit guaranty was executed by David B. Snider and Sam P. Cannata. In order to secure payment of the note, Prospect Park executed an open-end mortgage and security agreement on the property. Following a default under the note and guaranty, plaintiffs obtained a cognovit judgment in excess of $1 million in Cuyahoga County Common Pleas Court Case No. CV–715934. They then commenced this foreclosure action.

In conjunction with the complaint, plaintiffs filed a motion for the appointment of a receiver without notice. They sought the appointment of a receiver pursuant to R.C. 2735.01 et seq. and the terms of the mortgage. * * *

* * *

On November 23, 2010, the trial court granted the motion and appointed Jack Cornachio of Midwest Realty Advisors as the receiver. The trial court found as follows: "[T]he court finds that [Prospect Park] has not met obligations as they come due and that a Receiver should be appointed to take charge of, collect rents, income and profits and to otherwise manage and preserve the real and personal property of Defendant Prospect Park located at 4614 Prospect Avenue, Cleveland, Ohio 44103 and described in further detail in the Mortgage * * *. The Court finds that a Receiver should be appointed * * *. The Court further finds that the facts in this matter support a finding that the requirements of Ohio Revised Code § 2735.01 have been met and that the appointment of a Receiver is an appropriate remedy."

{¶3} *Huntington I*, ¶ 2-3, 5. Following our decision in *Huntington I*, on November 1, 2011, the receiver filed with the trial court a Request for Instructions requesting that the court approve the sale of the property. The Request for Instructions set forth that an offer had been made on the property in the amount of $1,050,000; that no other offers had been received; and that the receiver believed that the price offered was fair and represented the market value for the property. Prospect Park did not file any objections

to the Request for Instructions, and the trial court did not hold a hearing on the matter. On November 17, 2011, the trial court approved the request to complete the sale of the property. This appeal follows.

{¶4} Prospect Park presents five assignments of error:

"**I. The trial court erred when it granted the receiver's request for the sale of the foreclosure property without any appraisal for the foreclosure property.**

"**II. The trial court erred when it granted the receiver's request for the sale of the foreclosure property without any evidence of the valuation for the foreclosure property.**

"**III. The trial court erred when it granted the receiver's request for the sale of the foreclosure property without any evidentiary hearing for its sale.**

"**IV. The trial court erred when it granted the receiver's request for the sale of the foreclosure property in violation of the constitutional due process rights of interested parties in the foreclosure property.**

"**V. The trial court erred when it granted the receiver's request for the sale of the foreclosure property in violation of the requirements of R.C. 2329.**"

{¶5} We apply the abuse-of-discretion standard to the trial court's decision to approve the sale of the property. *See Huntington Natl. Bank v. Motel 4 BAPS, Inc.*, 191 Ohio App.3d 90, 2010-Ohio-5792, 944 N.E.2d 1210, ¶ 8 (8th Dist.).

{¶6} Because Prospect Park failed to raise any objection to the trial court with regard to the receiver's request to sell the property, it has waived its right to raise those

objections to this court on appeal. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997) ("[F]ailure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal."). We "need not address arguments that were not raised in the trial court." *Hummer v. Hummer*, 8th Dist. No. 96132, 2011-Ohio-3767, ¶ 7.

{¶7} In this case, on November 1, 2011, the receiver filed with the trial court a Request for Instructions requesting that the court approve the sale of the property. Prospect Park's arguments are all centered on the position that the trial court should not have approved the sale. The record indicates that Prospect Park had actual knowledge that the receiver had filed the Request for Instructions, but Prospect Park filed no objection with the trial court. Because Prospect Park failed to raise these objections to the trial court below, it has waived these issues on appeal.

{¶8} We are troubled by Prospect Park's briefing to this court, because it fails to raise well-settled authority that stands in direct contravention to the position it advocates to this court on appeal. Prospect Park's assignments of error are based on the position that, before it could approve the sale, the trial court was required to adhere to specific requirements set forth in R.C. Chapter 2329.

{¶9} But R.C. Chapter 2329 applies to sales by writs of execution, not receiverships. In *Huntington Natl. Bank v. Motel 4 BAPS, Inc.*, 191 Ohio App.3d 90, 2010-Ohio-5792, 944 N.E.2d 1210 (8th Dist.), this court differentiated between receiverships and writs of execution. Because *Motel 4 BAPS* so clearly addresses the

issue in the instant case, because *Motel 4 BAPS* is well-settled authority, and because Prospect Park completely fails to address this case in its opening brief, we find it germane to quote the case at length:

> A receiver sale is an alternative remedy to a sheriff's sale for enforcing and satisfying a judgment. A receiver "is appointed for the benefit of all the creditors of the property subject to receivership," *Castlebrook Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 350, 604 N.E.2d 808, and as "an officer of the court [is] at all times subject to its order and direction," *Park Natl. Bank v. Cattani,* 187 Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623, ¶ 10, "deems appropriate." *Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62. As such, a reviewing court will not disturb the trial court's judgment absent an abuse of discretion. Unlike writs of execution that follow strict procedural requirements, receiverships have been called equitable executions because the court's authority for appointing receivers is derived from the court's equitable power. *Doyle v. Yoho Hooker Youngstown Co.* (1936), 130 Ohio St. 400, 403–404, 4 O.O. 566, 200 N.E. 123. The Ohio Supreme Court has interpreted R.C. 2735.04 as "enabling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69,74, 573 N.E.2d 62.\* \* \*
>
> In contrast, a writ of execution is "a process of a court, issued by its clerk, and directed to the sheriff of the county," R.C. 2327.01, against the property, including orders of sale, of a judgment debtor, R.C. 2327.02. **Writs of execution must follow the requirements for notice set forth in R.C. 2329.26** \* \* \*
>
> **This statute's language indicates that it applies only to writs of execution and not receiverships.** \* \* \*
>
> **R.C. 2735.04, which governs receiverships, does not provide such strict regulations.** \* \* \*
>
> \* \* \*
>
> Ohio courts have held that "R.C. Chapter 2735, 'does not contain any restrictions on what the court may authorize when it issues orders regarding receivership property,' [and] \* \* \* this includes the power to authorize a receiver, under certain circumstances, to sell property at a private sale free and clear of all liens and encumbrances." *Park Natl. Bank v. Cattani,* 187

Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623, ¶ 13, quoting *Quill v. Troutman Ents., Inc.,* Montgomery App. No. 20536, 2005-Ohio-2020, 2005 WL 994676, ¶ 34.   See also *Ohio Director of Transp. v. Eastlake Land Dev. Co.,* 177 Ohio App.3d 379, 2008-Ohio-3013, 894 N.E.2d 1255, ¶ 49–51 (Gallagher, P.J., dissenting).

**Thus, the legislature has clearly defined writs of execution and receiverships as separate and distinct options for enforcing and satisfying debts.   Nevertheless, in support of its claim that the notice procedures set forth in R.C. 2329.26 apply to all receivers, Motel 4 relies almost exclusively on *Eastlake Land Dev.*   The issue in *Eastlake* was whether a judicial lienholder, as an indispensable party, was given proper notice as required for due process.**   This court declined to decide whether R.C. 2329.26 applied to receiverships because the court found that due process was clearly violated by the complete absence of any notice whatsoever. The receiver in that case never sent the judicial lienholder the summons and complaint notifying it that he sought to extinguish its interests through the sale of the property. Id.

Here, **Motel 4 is the debtor and the property owner, not a lienholder. Further, Motel 4 was actively involved in the suit** and negotiated a 60–day stay of the sale to have the opportunity to refinance the property or arrange a friendly purchase.   **Motel 4 had actual notice of the sale** because it knew that once the 60–day stay expired, the receiver would sell the property.   Also, Motel 4 filed a motion for stay of the receiver's auction, claiming defective notice. Thus, *Eastlake* **is inapplicable to the case at bar.** Having found that **R.C. 2329.26 relates only to writs of execution and not receivership sales**, **which are governed by another chapter of the Ohio Revised Code, we cannot say that the trial court abused its discretion in allowing the receiver to sell the property without following the notice requirements set forth in R.C. 2329.26.** (Footnotes omitted.) (Emphasis added.)

*Motel 4 BAPS* at ¶ 8-15.   Our decision in *Motel 4 BAPS* makes clear that R.C. Chapter

2329 is inapplicable to receiverships and that *Eastlake Land Dev.* does not apply to a

debtor, particularly one who has actual notice of a sale.

{¶10} In the instant case, the sale is by receivership, Prospect Park was a debtor, and Prospect Park had actual notice of the proposal to sell the property. Nonetheless, in its brief, each of Prospect Park's assignments of error is based on the premise that R.C. Chapter 2329 does apply to receiverships and that *Eastlake Land Dev.* does govern this case. Even were we to assume that its failure to mention *Motel 4 BAPS* was an oversight on the part of Prospect Park, its reply brief exacerbates the problem. After appellees highlighted *Motel 4 BAPS* in their response brief to this court, Prospect Park continued to argue in its reply brief that both R.C. Chapter 2329 and *Eastlake Land Dev.* applied. Prospect Park briefly mentions *Motel 4 BAPS* in its reply brief stating:

the facts * * * are readily distinguishable, an evidentiary hearing was held, and the party had notice of the proposed sale and had an opportunity to be heard. The court rejected the first assignment of error that the court appointed receiver was bound by the strict notice requirements set forth in R.C. 2329.26 since an evidentiary hearing was held, and the party had notice of the proposed sale and had an opportunity to be heard.

Reply Br. at 7. Simply put, Prospect Park mischaracterizes our decision in *Motel 4 BAPS*. Our holding in *Motel 4 BAPS* states that "R.C. 2329.26 relates only to writs of execution and not receivership sales, which are governed by another chapter of the Ohio Revised Code [R.C. 2735.04]." *Motel 4 BAPS,* ¶ 10. Prospect Park is disingenous when it argues that *Motel 4 BAPS* does not stand for the proposition that R.C. Chapter 2329 is inapplicable to receiverships. *Motel 4 BAPS* is settled authority.

**{¶11}** Because Prospect Park failed to object to the proposed sale at the trial court level, it has waived its right to raise these objections on appeal. Even if Prospect Park had not waived that right, we conclude that the trial court did not abuse its discretion in approving the completion of sale.

**{¶12}** The trial court's orders are affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR